## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DANIELLA MONTESANO,**<br>**individually and on behalf of**<br>**others similarly situated**,<br>77 WESTGATE DRIVE<br>SPARTA, NJ 07871 | )<br>)<br>)<br>)<br>)<br>) | |
| *Plaintiff,* | ) | |
| | ) | Case No. ___-cv-_____ |
| v. | )<br>) | |
| **THE CATHOLIC UNIVERSITY**<br>**OF AMERICA**,<br>620 MICHIGAN AVENUE NE<br>Washington, DC 20064 | )<br>)<br>)<br>) | |
| | ) | |
| *Defendant.* | ) | |

## CLASS ACTION COMPLAINT

1. Plaintiff Daniella Montesano ("Plaintiff") by and through undersigned counsel, brings this action against The Catholic University of America ("Defendant" or the "University") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

### PRELIMINARY STATEMENT

2. Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

3. While closing campus and transitioning to online classes was the right thing for

Defendant to do, this decision deprived Plaintiff and the other members of the Classes from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

4. Defendant has either refused to provide reimbursement for the tuition, fees and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

5. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

**PARTIES**

6. Defendant University is an institution of higher learning located in the District of Columbia.

7. Upon information and belief, Defendant has an estimated endowment that exceeds $273 Million.[1]

8. Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act.  The Act directs that approximately $14 billion be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

9. Plaintiff is an individual and a resident and citizen of the state of New Jersey.

---

[1] https://www.nacubo.org/-/media/Nacubo/Documents/EndowmentFiles/2019-Endowment-Market-Values--Final-Feb-10.ashx?la=en&hash=9E941CF13A17783282F46626C72FE7AFB63F9D82

10. Plaintiff was enrolled as a full time student in Defendant's undergraduate program, studying business during the 2019-2020 academic year.

11. Plaintiff paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing, or otherwise.

12. There are hundreds, if not thousands, of institutions of higher learning in this country.

13. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

14. Defendant's institution offers in person, hands on curriculum.

15. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

16. Defendant markets the on-campus experience as a benefit of enrollment.

17. For example, an entire page on Defendant's website is dedicated to "Student Involvement" and touts the "place" and "activities" where "life happens" as the campus itself:[2]

| *Intentionally left blank.* |
| --- |

---

[2] https://www.catholic.edu/student-life/student-involvement/index.html

Student Life > Student Involvement

There will never be a better time than now; there will never be a better place than here to get to know yourself.

It's in the daily activities, the football games, late night meetings, workshops, campus concerts, social gatherings and more that life happens.

It's where community is founded in friendship, faith, unconditional support and heart. Where lifelong bonds are made and where defining moments happen every day.

With 100-plus student organizations and a calendar jam-packed year-round with events and activities — whether you have a love for music, volunteering, ballroom dance, fitness, travel, activism, or anything else — you will find your place here.

With every on-campus event, student production, club meeting and service activity, you have the opportunity to investigate and discover unknown passions and hidden talents. Each and every time, waking you up a little bit more to who you are — who you want to be.

Find your calling. Design your college experience. And create memories and moments that will stay with you forever.

18. Common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

19. Moreover, the true college experience encompasses much more than just the credit hours and degrees.  The college experience consists of:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.    Student governance and student unions;

    iv.    Extra-curricular activities, groups, intramurals, etc;

v.      Student art, cultures, and other activities;

vi.      Social development and independence;

vii.      Hands on learning and experimentation; and

viii.      Networking and mentorship opportunities.

20. Plaintiff's education changed during Spring 2020 from in-person hands on learning to online instruction.

21. Plaintiff's online instruction was not commensurate with the same classes being taught in person.

22. In addition to tuition, Plaintiff was required to pay certain mandatory and miscellaneous fees, including activities fees and technology fees.[3]

23. Notably, those Activities Fees are not paid by students studying abroad or those enrolled in fully-online programs:[4]



24. As a result of being asked to leave campus and return home to New Jersey, Plaintiff no longer had the benefit of the services for which these fees have been paid.  For example, Plaintiff could not participate in on-campus student activities; had no access to the sports complex facilities or fitness center; and had no access to campus computer labs or internet services for the remainder of the Spring 2020 term.

---

[3] Enrollment Services (Accessed June 2, 2020):   https://enrollment-services.catholic.edu/costs/index.html#Fees
[4] Id.

**JURISDICTION AND VENUE**

25. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act
    ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse
    citizenship from one Defendant, there are more than 100 Class members, and the
    aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

26. This Court has personal jurisdiction over Defendant because Defendant is domiciled in
    the District of Columbia and conducts business in the District of Columbia.

27. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of
    the events or omissions giving rise to the claims occurred in this District, and because
    Defendant is an institution domiciled and doing business in this District.

**FACTUAL ALLEGATIONS**

28. Upon information and belief, Defendant's Spring term began with the first day of classes
    on or about January 13, 2020.[5]

29. Upon information and belief, Defendant's Spring term was scheduled to conclude with
    the last day of examinations on or about May 9, 2020 and commencement ceremonies on
    May 16-22, 2020.[6]

30. Accordingly, Defendant's Spring semester was scheduled and contracted to consist of
    approximately 117 days.

31. Defendant's Spring recess began on or about March 9, 2020 and was supposed to end on
    or about March 15, 2020, with students resuming in person classes on March 16, 2020.[7]

32. However, as a result of the COVID-19 pandemic, Defendant announced major changes to

---

[5] The Catholic University of America Academic Calendar: Spring (Second) Semester 2020: https://enrollment-services.catholic.edu/academic-calendar/academic-calendar-spring-2020-revised1.pdf
[6] Id.
[7] Id.

this schedule in an announcement from the University's President on March 11, 2020. The University announced that Spring break would be extended for 2 days through March 16 and 17, and that classes would resume on March 18, 2020 in a fully online format.[8]

33. Originally, classes were only scheduled to move online through March 30, 2020,[9] but on March 18, 2020, the University announced that the transition to online instruction would remain through the end of the Spring semester and that "closing down most aspects of campus life" was to occur for the remainder of the semester.[10]

34. In this same announcement, students were reminded that the University "closed our residence halls, called off all athletic games and practices, and cancelled or postponed many in-person events, conferences, performances, and meetings" [and] as of that week "began to give broad permissions to many of our staff to work from home."[11]

35. Accordingly, Plaintiff and Members of the proposed Classes were deprived of approximately 46% of the in-person instruction, activities, and on-campus services for which they had bargained and already paid.[12]

36. Nonetheless, the University has refused and continues to refuse to offer any pro-rated discount or refund on Spring tuition or fees.

37. Although Defendant offered some level of academic instruction via online classes, Plaintiff and members of the proposed Tuition Class were deprived of the benefits of on campus learning as set forth more fully above – the service and access they bought and

---

[8] Coronavirus Update form President John Garvey (March 11, 2020): https://communications.catholic.edu/coronavirus/previous-updates.html
[9] Id.
[10] Coronavirus update Online Instruction to Continue Message from President John Garvey (March 18, 2020): Id.
[11] Id.
[12] Representing the time between March 16, 2020 when on-campus, in-person instruction and access was to resume through May 9, 2020, the final day of final exams.

paid for.

38. The University has acknowledged that off-campus, online instruction has a different market value than the on-campus experience.[13]  For example, in the two graduate programs where they offer graduate credit hours on an a la carte basis both on-campus and in fully-online programs the on-campus cost is 34% higher than the fully-online version.[14]

39. Although Defendant has refused and continues to refuse to reduce tuition for Spring semester students, the University has announced that students expecting to take Summer classes in person (who will now be forced to take them online) will be charged less per credit hour than regular term tuition:[15]

COVID-19 Information

All summer sessions will be offered through Catholic University's virtual learning environment. Course dates will not change. Courses that were previously scheduled to meet in person will now meet online during the same time period.

Save Money and Make Progress Towards Your Degree

Summer courses are less expensive per credit hour than regular-term tuition. Many courses will be available to help you make progress toward your goals.

40. Likewise, Plaintiff and members of the proposed Fees Class were deprived of utilizing services for which they had already paid during Spring 2020, such as access to campus facilities, and other opportunities as described above.

41. Notably, President John Garvey acknowledged in his March 27, 2020, bulletin that reimbursements were among the most pressing topics for students and families bearing

---

[13] 2019-2020 Tuition, Fees and Other Charges:  https://enrollment-services.catholic.edu/costs/tuition-fees/2019-2020.html
[14] Id.  The combined cost per credit hour for graduate students in the on-campus version of the Metropolitan School of Professional Studies and School of Nursing was $2,895 for 2019-20.  The cost for the fully-online versions of those programs was $2,155, representing an actual cost difference of $740.00 per credit hour.
[15] Summer Sessions COVID-19 Information Bulletin:  https://summer.catholic.edu//index.html

the cost of services students have not received as a result of the coronavirus:[16]

> I know that the topic of reimbursements is among the most pressing for students. This has been a priority for us since it first became clear that we wouldn't resume classes on campus this semester.  We want to make sure that families do not bear the costs of services students have not received as the result of the coronavirus. Here is the plan.

42. Nonetheless, Defendant has refused and continues to refuse to pro-rate or refund any

portion of the mandatory fees set forth in Paragraph 24:[17]

## Coronavirus update | Spring 2020 Student Account Credits/Refunds

March 27, 2020

> Credits will not be given at this time for tuition or for other fees, because these funds (for labs, technology, etc.) will still be used for their intended purposes, to maintain the academic and student experience at the high level to which the University is committed.

### CLASS ACTION ALLEGATION

43. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the

provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the

---

[16] Coronavirus Update Bulletin (March 27, 2020): https://communications.catholic.edu/coronavirus/previous-updates.html
[17] Id.

University for the Spring 2020 semester.

44. Excluded from the Classes are the Fellows of the Catholic University of America and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case.  Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

45. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

46. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

47. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

48. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

ix.    Whether Defendant engaged in the conduct alleged herein;

x.     Whether there is a difference in value between online distance learning and live in-person instruction;

xi.    Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

xii.   Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

xiii.  Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

xiv.   Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

xv.    Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

xvi.   Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

xvii.  The amount and nature of relief to be awarded to Plaintiff and the other Class members.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

49. Plaintiff's claim is typical of the other Class member's claims because, among other

11

things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

50. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of other members of the Class she seeks to represent.  Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

51. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

52. Even if Class members could afford individual litigation, the Court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

## Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

53. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

## Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

54. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

55. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

56. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

57. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

58. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

59. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

60. The University retained tuition monies paid by Plaintiff and other members of the Tuition

Class, without providing them the full benefit of their bargain.

61. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

62. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

63. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

64. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

65. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

66. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

67. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

68. Defendant has realized this benefit by accepting such payment.

69. Defendant has retained this benefit, even though Defendant has failed to provide the

14

services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

70. Equity and good conscience require that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

71. Defendant should be required to disgorge this unjust enrichment.

### FOR A THIRD COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

72. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

73. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

74. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

75. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

76. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

77. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

78. Plaintiff and other members of the Fees Class have suffered damage as a direct and

proximate result of Defendant's breach, including but not limited to being deprived of the

value of the benefits and services the fees were intended to cover.

79. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are

legally and equitably entitled to damages, to be decided by the trier of fact in this action,

to include but not be limited to disgorgement of the pro-rata amount of fees that was

collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

80. Plaintiff incorporates by reference all preceding allegations as though fully set forth

herein.

81. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

82. The University has received a benefit at the expense of Plaintiff and other members of the

Fees Class to which it is not entitled.

83. Plaintiff and other members of the Fees Class paid substantial student fees for on campus

benefits and services and did not receive the full benefit of the bargain.

84. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when

they paid the fees.

85. Defendant has realized this benefit by accepting such payment.

86. Defendant has retained this benefit, even though Defendant has failed to provide the

services for which the fees were collected, making Defendant's retention unjust under the

circumstances.

87. Equity and good conscience require that the University return a pro-rata portion of the

monies paid in fees to Plaintiff and other members of the Fees Class.

88. Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Class(es), pray for judgment in their favor and against Defendant as follows:

a.      Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.      Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.      Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d.      Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e.      Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f.      Scheduling a trial by jury in this action;

g.      Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h.       Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i.      Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

This 8th day of June, 2020.

**Douglas & Boykin, PLLC**

_____
Curtis A. Boykin, Bar No. 444120
1850 M Street, NW, Suite 640
Washington, District of Columbia 20036
(202) 776-0370
caboykin@douglasboykin.com

-and-

**ANASTOPOULO LAW FIRM, LLC**

Eric M. Poulin (*pro hac vice admission
forthcoming*)
Roy T. Willey, IV (*pro hac vice admission
forthcoming*)
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFF(S)**