IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELLA MONTESANO, individually and on behalf of others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE CATHOLIC UNIVERSITY OF AMERICA,<br><br>    *Defendant.* | Case No. 1:20-CV-01496-DLF |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby provides this notice of supplemental authority in other COVID-19 tuition and fee refund actions related to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt. No. 21).

**I.  Supplemental Authority**

 *1.) Zahn v. Ohio University*, opinion and order of the Court of Claims of Ohio, issued October 19, 2020 (Docket No. 2020-00371JD).

The plaintiff in *Zahn* also alleges breach of contract, unjust enrichment, and conversion by defendant Ohio University, seeking tuition and fee refunds from defendant due to defendant's failure to provide the in-person instruction, services, resources, and campus amenities paid for by students as a result of the university's closure consequential to the COVID-19 pandemic. Similar to Catholic, the plaintiff in *Zahn* emphasizes the fact that Ohio University also offers an online variant of instruction at a much lower price.

The court addressed Ohio University's assertion that plaintiff's claims constituted educational malpractice because the university alleges that plaintiff failed to identify any contractual obligations to provide in-person instruction, and therefore, plaintiff's claims

1

must attack the quality of education or defendant's pedagogical methods. However, the court rejects this argument, stating, as in *Smith v. The Ohio State University*, opinion and order of the Court of Claims of Ohio, issued August 24, 2020 (Docket No. 2020-00321JD)., "[t]he mere mention of possible consequences to Plaintiff's educational or professional future does not render Plaintiff's amended complaint a claim for educational malpractice." *Zahn* at *3-4. The same principles should apply to the pending motion to dismiss by Catholic.

Defendant Ohio University further argues that no express or implied contract exists between the students and defendant, particularly one that obligates the university to provide in-person instruction. However, the court agreed with the plaintiff, affirming that a contract can either be express or implied.

> Plaintiff has alleged that she paid an amount of money to OU with the expectation that she would receive an in-person education rather than an online education. Plaintiff has also alleged that she paid money for certain mandatory fees and has not received the services associated with those fees (e.g. access to dining halls, activity fees, facility fees, etc.). Based on these assertions, the Court finds it is not beyond doubt that Plaintiff could prove a set of facts that either an express or implied contract was created. Plaintiff has a right to submit evidence to the fact finder in support of her claims. Accordingly, OU's motion to dismiss Plaintiff's breach of contract claim is denied.

*Zahn* at *5.

The court likewise rejects OU's argument that plaintiff's unjust enrichment claim should be dismissed because it lacks merit and is "baseless." As in *Waitt v. Kent State University*, No. 2020-00392JD, 2020 WL 5894543 (Ohio Ct. Cl. Sep. 28, 2020) and *Smith*, the court explains the basic principles of the Rules of Civil Procedure, in stating that 12(b)(6) motions do not "test the merits of a claim," and "whether a plaintiff can prove the

facts as a plaintiff presents them is an issue for a later determination." *Id.* at *5. Further, the Court "'must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Id.* (quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.W.2d 753 (1988)). The court denies OU's motion to dismiss plaintiff's unjust enrichment claim, opining that "after all reasonable inferences are afforded in favor of Plaintiff, it does not appear beyond doubt that Plaintiff can prove no set of facts entitling her, or members of the proposed class, to relief based on a theory of unjust enrichment". *Id.* at *6. Further, "[b]ecause the existence of the underlying contract is in dispute, it would be premature for the court to dismiss Plaintiff's unjust enrichment claim plead in the alternative to her breach of contract claim." *Id.*

2.) *Rosado v. Barry University Inc.*, opinion and order of the U.S. District Court, Southern District of Florida, issued October 30, 2020 (Case No. 1:20CV21813).

The plaintiff in *Rosado* brings a comparable action for breach of contract and unjust enrichment against Barry University. Similarly, the plaintiff alleges the contractual promises arose from "a variety of documents including the student handbook, course syllabi, marketing materials and other circulars, bulletins, and publications, in print and on Barry's websites." *Rosado* at *2.

Barry University brings forth its own documents which includes its tuition and refund policy, temporary closure order, and other documents. Barry University contends that it did not enter into any contract promising in-person education. However, the court disagreed, stating that the implied contract arose from the aforementioned places. *Id.* at *5. The court later rejects Barry's argument that it was justified in closing campus, though this was not at issue. Third, the court dismisses Barry's contention that it fulfilled its contractual obligations because the plaintiff still received credits towards her degree. However, to illustrate the court states:

> This is kind of like purchasing a Cadillac at full price and receiving an Oldsmobile. Although both are fine vehicles, surely it is no consolation to the Cadillac buyer that the "Olds" can also go from Point A to Point B. That is Barry's argument and the Court declines to consider it further.

*Id.* at *7.

The court rejects Barry's argument that impossibility/impracticability prevented Barry from performing, stating, "[i]ndeed, in the absence of specific contractual provisions, courts often attempt to return the parties to their precontractual positions, insofar as possible, when nonperformance is excused", and "[i]t would certainly be anomalous, without sufficiently strong evidence of contractual intent, to permit a party to reap the full benefits of an agreement in return for only partial performance." *Id.* at *8-9.

The court then agrees with the plaintiff that she sufficiently alleged unjust enrichment against Barry, arguing that it retained tuition and fees while students lost the benefit of numerous services and amenities. *Id.* at *10.

## Conclusion

Plaintiffs hereby request this Court to apply the decisions of the aforementioned cases to the breach of contract and unjust enrichment causes of action as they are newly issued opinions in support Plaintiffs' position in opposition to Defendant's Motion to Dismiss.

Dated November 5, 2020                              Respectfully Submitted,

                                                    **DOUGLAS & BOYKIN PLLC**
                                            BY:    /s/ Curtis A. Boykin
                                                    Curtis A. Boykin, DC Bar 444120
                                                    1850 M Street, NW, Suite 640
                                                    Washington, District of Columbia 20036
                                                    (202) 776-0370
                                                    caboykin@douglasboykin.com

                                                    -and-

4

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin*
Roy T. Willey, IV*
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFF(S)**

* Admitted via *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Curtis A. Boykin, hereby certify that on November 5, 2020 a true and correct copy of the instant notice was served *via* the Court's electronic filing system to all counsel of record.

                                         /s/ Curtis A. Boykin
                                         Curtis A. Boykin