## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIELLA MONTESANO, individually
and on behalf of others similarly situated,

       *Plaintiff*,

    v.

THE CATHOLIC UNIVERSITY OF
AMERICA,

       *Defendant.*

Case No. 1:20-CV-01496-DLF

## ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT

The Catholic University of America, by and through its undersigned counsel, hereby answers and asserts affirmative defenses as follows to the First Amended Class Action Complaint ("Complaint"), ECF No. 17, of Plaintiff Daniella Montesano. Except as expressly admitted, qualified, or otherwise answered here, Catholic denies each and every allegation and assertion in the Complaint. The paragraphs that follow align with the numbered paragraphs in the Complaint.

## PRELIMINARY STATEMENT

1.    Catholic admits that Plaintiff brings claims seeking refunds of tuition and fees paid for the Spring 2020 semester. Catholic otherwise denies the allegations in Paragraph 1.

2.    Catholic denies the allegations in Paragraph 2.

3.    Catholic denies the allegations in Paragraph 3.

4.    Catholic admits that Plaintiff purports to bring claims on behalf of herself and other members of putative classes, but denies that Plaintiff or the putative classes are entitled to any damages or any other relief.

## PARTIES

5.      Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

6.      Catholic admits that it is a private university located in Washington, DC.

7.      To the extent Paragraph 7 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself.  Plaintiff cites a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for a complete and accurate recitation of its contents.  Catholic admits that, as of the date of this Answer, its endowment exceeds $273 million.

8.      To the extent that Paragraph 8 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  To the extent Paragraph 8 purports to characterize, quote from or summarize a statute, the content of the statute speaks for itself. Catholic respectfully refers the Court to the cited sources for a complete and accurate recitation of their contents.  Catholic otherwise denies the allegations in Paragraph 8.

9.      Catholic admits only that Plaintiff was enrolled as a full-time undergraduate student in the Busch School of Business during the 2019-2020 academic year.  Catholic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them.

## JURISDICTION AND VENUE

10.      Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

11.      Paragraph 11 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Catholic admits that Plaintiff has

sufficiently pled that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Catholic otherwise denies the allegations in Paragraph 11.

12.     Paragraph 12 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic admits that Plaintiff has sufficiently pled that the Court has personal jurisdiction over them in this matter.  Catholic otherwise denies the remaining allegations in Paragraph 12.

13.     Paragraph 13 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic admits that venue is proper in this Court, without prejudice to its right to seek a dismissal, stay, or transfer under applicable law.  Catholic otherwise denies the remaining allegations in Paragraph 13.

## **BACKGROUND FACTS**

14.     Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

15.     Catholic admits that Plaintiff was enrolled as a full-time undergraduate student in the Busch School of Business during the 2019-2020 academic year.

16.     Catholic admits that, in order to enroll, students are required to register and pay tuition.  Catholic otherwise denies the allegations in Paragraph 16.

17.     Catholic admits that there are more than one thousand degree-granting postsecondary institutions in the United States.

18.     Catholic admits that some degree-granting postsecondary institutions offer academic programs that are offered exclusively online.

19.     Catholic admits that it offers select graduate academic programs online.  Catholic otherwise denies the allegations in Paragraph 19.

20.     Catholic lacks knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 20 and denies the allegations in Paragraph 20 on that basis.

21.     Catholic denies the allegations in Paragraph 21.

22.     Catholic denies the allegations in Paragraph 22.

23.     Catholic admits that Spring 2020 classes and experiences were provided remotely from March 18, 2020 through the end of the spring semester.  Catholic otherwise denies the remaining allegations in Paragraph 23.

24.     Catholic denies the allegations in Paragraph 24.

25.     Catholic admits that it charged Plaintiff an Activities Fee and a Technology Fee for the Spring 2020 semester.  Catholic otherwise denies the allegations in Paragraph 25.

26.     To the extent that Paragraph 26 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 26.

27.     To the extent that Paragraph 27 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 27.

28.     Catholic admits that it charges a Technology Fee for all undergraduate, graduate, and law students each semester.  Catholic otherwise denies the allegations in Paragraph 28.

29.     Catholic admits that Plaintiff was charged, and did pay, her mandatory fees for the Spring 2020 semester.

30.     Catholic denies the allegations in Paragraph 30.

31.     Catholic denies the allegations in Paragraph 31.

32.     Catholic denies the allegations in Paragraph 32.

## FACTUAL ALLEGATIONS

33.     Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

34.     To the extent Paragraph 34 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself.  Plaintiff cites a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for a complete and accurate recitation of its contents.  Catholic admits that the opening of classes for the Spring 2020 semester was on January 13, 2020.

35.     To the extent Paragraph 35 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself.  Plaintiff cites a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for a complete and accurate recitation of its contents.  Catholic admits that examinations for the Spring 2020 term were scheduled to occur between May 5 and May 9, 2020, and that commencement exercises were scheduled to take place on May 16 and, for the law school, on May 22, 2020.  Catholic otherwise denies the allegations in Paragraph 35.

36.     Catholic denies the allegations in Paragraph 36.

37.     To the extent Paragraph 37 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself.  Plaintiff cites a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for a complete and accurate recitation of its contents.  Catholic admits that, for the Spring 2020 semester, spring recess was scheduled to run from March 9 to March 15, 2020, with classes restarting on March 16, 2020.

38.     To the extent that Paragraph 38 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 38.

39.     To the extent that Paragraph 39 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 39.

40.     To the extent that Paragraph 40 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 40.

41.     Catholic denies the allegations in Paragraph 41.

42.     Catholic admits that it has not refunded Plaintiff's Spring 2020 tuition, Activity Fee, or Technology Fee.  Catholic otherwise denies the allegations in Paragraph 42.

43.     Catholic denies the allegations in Paragraph 43.

44.     Catholic admits that it has not refunded Plaintiff's Spring 2020 tuition, Activity Fee, or Technology Fee.  Catholic otherwise denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal arguments and conclusions of law to which no response is required.  To the extent Paragraph 45 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself.  Plaintiffs cite a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for

a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 45.

46. To the extent that Paragraph 46 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 46.

47. To the extent Paragraph 47 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself. Plaintiffs cite a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 47.

48. To the extent that Paragraph 48 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 48.

49. To the extent that Paragraph 49 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 49.

## CLASS ACTION ALLEGATIONS

50. Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

51. Catholic admits that Plaintiff purports to bring this action on behalf of herself and the putative classes defined in Paragraph 51, but denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

7

52.     Paragraph 52 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 52, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

53.     Paragraph 53 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 53, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

54.     Paragraph 54 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 54, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Numerosity:  Fed. R. Civ. P. 23(a)(1)

55.     Paragraph 55 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 55, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Commonality and Predominance:  Fed. R. Civ. P.23(a)(2)

56.     Paragraph 56 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 56, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Typicality:  Fed. R. Civ. P.23(a)(3)

57.     Paragraph 57 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 57, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Adequacy:  Fed. R. Civ. P.23(a)(4)

58.     Paragraph 58 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 58, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Superiority:  Fed. R. Civ. P. 23(b)(3)

59.     Paragraph 59 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 59, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

60.     Paragraph 60 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 60, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Certification of Specific Issues:  Fed. R. Civ. P. 23(c)(4)

61.     Paragraph 61 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 61, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

### Declaratory and Injunctive Relief:  Fed. R. Civ. P. 23(b)(2)

62.     Paragraph 62 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 62, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

## COUNT I
## BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

63.     Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

64.     Catholic admits that Plaintiff purports to bring claims on behalf of herself and other members of a putative Tuition Class, but denies that Plaintiff or the putative class is entitled to any damages or any other relief.

65.     Paragraph 65 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 65.

66.     To the extent that Paragraph 66 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 66.

67.     Paragraph 67 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 67.

68.     Paragraph 68 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 68.

69.     Paragraph 69 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 69.

70.     Catholic denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to what students' specific reasons for attending Catholic. Catholic otherwise denies the allegations in Paragraph 70.

71.     To the extent that Paragraph 71 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 71.

72.     Catholic denies the allegations in Paragraph 72.

73.     To the extent that Paragraph 73 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 73.

74.     To the extent that Paragraph 74 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 74.

75.     To the extent that Paragraph 75 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 75.

76.     To the extent that Paragraph 76 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 76.

77.     To the extent that Paragraph 77 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 77.

78.     To the extent that Paragraph 78 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the

Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 78.

79. To the extent that Paragraph 79 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 79.

80. Catholic denies the allegations in Paragraph 80.

81. Catholic admits that it offers select graduate academic programs online. Catholic otherwise denies the allegations in Paragraph 81.

82. To the extent that Paragraph 82 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 82.

83. To the extent that Paragraph 83 purports to characterize, quote from, or summarize a website and other publications, the content of the website and other publications speak for themselves. Catholic respectfully refers the Court to the cited website and publications for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 83.

84. To the extent that Paragraph 84 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 84.

85.     To the extent that Paragraph 85 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 85.

86.     To the extent that Paragraph 86 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 86.

87.     To the extent that Paragraph 87 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 87.

88.     To the extent that Paragraph 88 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 88.

89.     To the extent that Paragraph 89 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 89.

90.     To the extent that Paragraph 90 purports to characterize, quote from, or summarize a video, the content of the video speaks for itself.  Catholic respectfully refers the

Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 90.

91.     To the extent that Paragraph 91 purports to characterize, quote from, or summarize a video, the content of the video speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 91.

92.     To the extent that Paragraph 92 purports to characterize, quote from, or summarize a video, the content of the video speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 92.

93.     To the extent that Paragraph 93 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 93.

94.     To the extent that Paragraph 94 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 94.

95.     To the extent that Paragraph 95 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 95.

96.     Catholic denies the allegations in Paragraph 96.

97.     Catholic denies the allegations in Paragraph 97.

98.     Catholic admits that, each year, it encourages prospective students to apply for admission, and offers admission to some students that apply.  Catholic denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to what specific marketing materials Plaintiff, or any other students reviewed before choosing to attend Catholic, or their reasons for attending Catholic.  Catholic otherwise denies the allegations in Paragraph 98.

99.     Catholic admits that it communicates with students after offering them admission to the University.  Catholic otherwise denies the allegations in Paragraph 99.

100.     Catholic admits that students selected for the Catholic University Class of 2020 received an official offer letter from Christopher P. Lydon.  Catholic otherwise denies the allegations in Paragraph 100.

101.     To the extent that Paragraph 101 purports to characterize, quote from, or summarize a document, the content of the document speaks for itself.  Catholic otherwise denies the allegations in Paragraph 101.

102.     To the extent that Paragraph 102 purports to characterize, quote from, or summarize a document, the content of the document speaks for itself.  Catholic otherwise denies the allegations in Paragraph 102.

103.     To the extent that Paragraph 103 purports to characterize, quote from, or summarize a document, the content of the document speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 103.

104.    Catholic admits that admitted students are invited to attend an on-campus program.  Catholic otherwise denies the allegations in Paragraph 104.

105.    Catholic denies the allegations in Paragraph 105.

106.    Catholic admits that new undergraduate students are required to register to attend on-campus orientation, although there is no penalty for a student who does not attend.  Catholic otherwise denies the allegations in Paragraph 106.

107.    To the extent that Paragraph 107 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 107.

108.    To the extent that Paragraph 108 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 108.

109.    Catholic admits that students are required to register for classes.  Catholic otherwise denies the allegations in Paragraph 109.

110.    To the extent Paragraph 110 purports to characterize, quote from, or summarize a written statement, the statement speaks for itself.  Plaintiff cites a currently inoperative website and therefore Catholic respectfully refers the Court to the statement itself for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 110.

111.    To the extent that Paragraph 111 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the

Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 111.

112.    To the extent that Paragraph 112 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 112.

113.    To the extent that Paragraph 113 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 113.

114.    To the extent that Paragraph 114 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 114.

115.    Catholic admits that students are not permitted to enroll in classes with overlapping class times. Catholic otherwise denies the allegations in Paragraph 115.

116.    Catholic denies the allegations in Paragraph 116.

117.    To the extent that Paragraph 117 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents. Catholic otherwise denies the allegations in Paragraph 117.

118.    To the extent that Paragraph 118 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself. Catholic respectfully refers the

Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 118.

119.    Catholic denies the allegations in Paragraph 119.

120.    Catholic denies the allegations in Paragraph 120.

121.    Catholic lacks sufficient knowledge or information to determine the content of unspecified syllabi and unspecified "other documents."  Catholic otherwise denies the allegations in Paragraph 121.

122.    Catholic denies the allegations in Paragraph 122.

123.    Catholic denies the allegations in Paragraph 123.

124.    Catholic denies the allegations in Paragraph 124.

125.    To the extent that Paragraph 125 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 125.

126.    To the extent that Paragraph 126 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 126.

127.    To the extent that Paragraph 127 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 127.

128.    To the extent that Paragraph 128 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 128.

129.    To the extent that Paragraph 129 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 129.

130.    To the extent that Paragraph 130 purports to characterize, quote from, or summarize a website, the content of the website speaks for itself.  Catholic respectfully refers the Court to the cited website for a complete and accurate recitation of its contents.  Catholic otherwise denies the allegations in Paragraph 130.

131.    Paragraph 131 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 131.

132.    Paragraph 132 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 132.

133.    Paragraph 133 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 133.

134.    Catholic denies the allegations in Paragraph 134.

135.    Paragraph 135 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 135.

136.    Paragraph 136 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 136.

137.     Paragraph 137 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 137.

138.     Paragraph 138 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 138.

139.     Paragraph 139 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 139.

**COUNT II**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

140.     Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

141.     Catholic admits that Plaintiff purports to bring claims on behalf of herself and other members of a putative Tuition Class, but denies that Plaintiff or the putative class is entitled to any damages or any other relief.

142.     Paragraph 142 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 142.

143.     Catholic denies the allegations in Paragraph 143.

144.     Catholic admits that tuition was paid on Plaintiff's behalf for the Spring 2020 semester.  Catholic lacks sufficient knowledge or information to determine whether Plaintiff herself paid such tuition, and therefore denies the allegation.  Catholic otherwise denies the allegations in Paragraph 144.

145.     Catholic denies the allegations in Paragraph 145.

146.     Catholic denies the allegations in Paragraph 146.

147.     Catholic denies the allegations in Paragraph 147.

148.     Catholic denies the allegations in Paragraph 148.

149.   Catholic denies the allegations in Paragraph 149.

150.   Catholic denies the allegations in Paragraph 150.

151.   Catholic denies the allegations in Paragraph 151.

152.   Paragraph 152 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 152.

153.   Paragraph 153 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 153.

154.   Paragraph 154 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Catholic denies the allegations in Paragraph 154.

## COUNT III
## BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

155.   Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

156.   Catholic admits that Plaintiff purports to bring claims on behalf of herself and other members of a putative Fees Class, but denies that Plaintiff or the putative class is entitled to any damages or any other relief.

157.   Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic admits that it charges students fees.  Catholic otherwise denies the allegations in Paragraph 157.

158.   Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of

similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 158.

159.   Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 159.

160.   Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic admits that the rates for undergraduate, graduate and law school Activities Fees are set by the undergraduate Student Government Association, the Graduate Student Association and the Student Bar Association respectively, and vary depending on whether undergraduate students are full- or part-time.  Catholic otherwise denies the allegations in Paragraph 160.

161.   Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 161.

162.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 162.

163.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic admits that it charges a Technology Fee, and Catholic admits that it charges a different Technology Fee depending on whether students are enrolled full-time or part-time.  Catholic otherwise denies the allegations in Paragraph 163.

164.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 164.

165.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 165.

166.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 166.

167.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 167.

168.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 168.

169.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 169.

170.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Breach

of Contract claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 170.

**COUNT IV**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Fees Class)**

171.     Catholic restates and adopts its answers to each paragraph of the Complaint as if set forth in full here.

172.     Catholic admits that Plaintiff purports to bring claims on behalf of herself and other members of a putative Fees Class, but denies that Plaintiff or the putative class is entitled to any damages or any other relief.

173.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 173.

174.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 174.

175.     Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 175.

176.    Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic admits that fees were paid on Plaintiff's behalf for the Spring 2020 semester.  Catholic lacks sufficient knowledge or information to determine whether Plaintiff herself paid such fees, and therefore denies the allegation.  Catholic otherwise denies the allegations in Paragraph 176.

177.    Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 177.

178.    Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 178.

179.    Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in *Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the extent a response is required, Catholic denies the allegations in Paragraph 179.

180.    Pursuant to the decision of the U.S. Court of Appeals for the D.C. Circuit in

*Shaffer v. George Washington*, 27 F.4th 754 (D.C. Cir. 2022), which affirmed dismissal of

similar claims for fees, Catholic is simultaneously filing a renewed motion to dismiss the Unjust

Enrichment claim brought on behalf of the Fees Class.  As such, no response is required. To the

extent a response is required, Catholic denies the allegations in Paragraph 180.

**PRAYER FOR RELIEF**

181.    Catholic states that no response is required to Plaintiff's Prayer for Relief.  To the

extent a response is required, Catholic denies that Plaintiff is entitled to the relief sought in the

Complaint, or any relief at all.

**DEMAND FOR JURY TRIAL**

182.    Catholic states that no response is required to Plaintiff's Jury Demand. To the

extent a response is required, Catholic states that Plaintiff's Jury Demand contains legal

arguments and conclusions to which no response is required. Catholic otherwise denies the

allegations in Plaintiff's Jury Demand.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

Catholic asserts the following affirmative defenses and reserve all rights to amend or

supplement these defenses when and if amended or additional defenses become appropriate

and/or available in this action, including, in the event any class is certified, the right to advance

additional defenses pertinent to class members.  The statement of any defense herein does not

assume the burden of proof for any issue to which the applicable law places the burden of proof

on Plaintiff.

**<u>FIRST DEFENSE</u>**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

27

**SECOND DEFENSE**

Plaintiff's claims are barred by University policies and procedures, including but not limited to the Refund of Student Charges Policy.

**THIRD DEFENSE**

Plaintiff's claims are barred by Catholic's Reservation of Rights.

**FOURTH DEFENSE**

Plaintiff's claims are barred by estoppel and assumption of risk.

**FIFTH DEFENSE**

Plaintiff's claims fail to allege consideration.

**SIXTH DEFENSE**

Plaintiff's claims are barred by force majeure, excused performance, frustration of purpose, impracticability, and/or impossibility.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of novation, consent, acquiescence, ratification, and/or waiver.

**EIGHTH DEFENSE**

Defendant substantially performed any and all contracts, implied or express, with plaintiffs.

**NINTH DEFENSE**

Defendant did not contract with plaintiffs to provide fee refunds in the event of a pandemic.

**TENTH DEFENSE**

Plaintiff agreed, by words or conduct, to modify the terms of any contract, express or implied, with Defendant by reason of the COVID-19 global pandemic.

## ELEVENTH DEFENSE

Defendant did not breach the terms of any contract, express or implied.

## TWELFTH DEFENSE

Plaintiff did not suffer any damages.

## THIRTEENTH DEFENSE

Plaintiff did not suffer any damages proximately caused by Defendant's breach of any contract; any damages suffered by Plaintiff resulted from an intervening or superseding cause.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees or other fees, costs, or expenses of this litigation.

## FIFTEENTH DEFENSE

Plaintiff has an adequate remedy at law and is not entitled to equitable relief.  The unjust enrichment claim is barred because there is an adequate (albeit unviable) remedy at law.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or equitable estoppel.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff received financial aid and/or scholarships and did not pay all tuition or fees.

## EIGHTEENTH DEFENSE

Plaintiff would be unjustly enriched if awarded any damages.

## NINETEENTH DEFENSE

Plaintiff has waived her claims.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the affirmative defenses of offset, set-off, and recoupment.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in party by the educational malpractice doctrine and public policy.

## TWENTY-FOURTH DEFENSE

The claims of Plaintiff and the putative class are barred to the extent Plaintiff and putative class members, or any of them, lack standing.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for the refund of fees are barred by the decision in *Shaffer v. George Washington University*, 27 F.4th 754 (D.C. Cir. 2022).  By answering Plaintiff's Complaint, Catholic does not waive any defense based on Plaintiff's failure to state a claim with respect to fees.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for breach of express contract are barred by the decision in *Shaffer v. George Washington University*, 27 F.4th 754 (D.C. Cir. 2022).  By answering Plaintiff's Complaint, Catholic does not waive any defense based on Plaintiff's failure to state a claim with respect to breach of express contract

## ADDITIONAL DEFENSES

Catholic hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law.  Catholic presently has insufficient knowledge or information on which to form a basis as to whether it may have additional affirmative or other defenses available.  Catholic does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

May 24, 2022.                                     Respectfully submitted,

*/s/ Alan E. Schoenfeld*_____
Alan E. Schoenfeld (#1725277)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Bruce M. Berman (#333948)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel.: (202) 663-6006
bruce.berman@wilmerhale.com

*Attorneys for Defendant The Catholic University of America*