UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIELLA MONTESANO, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CATHOLIC UNIVERSITY OF AMERICA,<br><br>*Defendant*. | No. 20-cv-1496 (DLF) |
| ISAIAH PAYNE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HOWARD UNIVERSITY,<br><br>*Defendant*. | No. 20-cv-3792 (DLF) |

**ORDER**

In these two related putative class actions, plaintiffs Daniella Montesano and Isaiah Payne bring suit against The Catholic University of America and Howard University, respectively, following the universities' cancellation of all in-person education due to the COVID-19 pandemic. The plaintiffs allege that the universities moved classes to an online format, closed campus buildings, and ordered students to leave campus without providing reimbursement for in-person tuition and campus-related fees. *See* Catholic Pl.'s First Am. Compl. ¶¶ 1–3, Dkt. 17 (No. 20-cv-1496) (hereinafter "Catholic FAC"); Howard Pl.'s First Am. Compl. ¶ 1, Dkt. 19 (No. 20-cv-3792)

(hereinafter "Howard FAC"). The plaintiffs bring claims for breach of contract, Catholic FAC ¶¶ 63–139, 155–70; Howard FAC ¶¶ 59–71, and, in the alternative, unjust enrichment, Catholic FAC ¶¶ 140–54, 171–80; Howard FAC ¶¶ 72–77. Payne also brings a claim of conversion against Howard. Howard FAC ¶¶ 78–85. In a July 9, 2021 memorandum opinion and order, the Court granted Howard's motion to dismiss Payne's conversion claim but otherwise denied both defendants' motions to dismiss. First Mem. Op., Dkt. 39 (No. 20-cv-1496); Dkt. 41 (No. 20-cv-3792).

Before the Court are Catholic University's Motion for Partial Judgment on the Pleadings, Dkt. 64 (No. 20-cv-1496), and Howard University's Motion for Partial Judgment on the Pleadings, Dkt. 54 (No. 20-cv-3792). Both defendants contend that, under the defense of impossibility, they are not liable for breach of contract. *See* Catholic Mot. at 9–14; Howard Mot. at 7–12. Catholic further argues that Montesano has failed to state a claim for breach of contract or unjust enrichment with respect to technology and activities fees charged by the university, based on the D.C. Circuit's recent decision in *Shaffer v. George Washington University*, 27 F.4th 754 (D.C. Cir. 2022). *See* Catholic Mot. at 14–15. On each issue, the Court concludes that judgment for defendants is unwarranted at this stage.

I.   **IMPOSSIBILITY**

"It is well settled that when, due to circumstances beyond the control of the parties the performance of a contract is rendered impossible, the party failing to perform is exonerated." *Whelan v. Griffith Consumers Co.*, 170 A.2d 229, 230 (D.C. 1961). The defendants argue that because the District of Columbia Mayor's "shutdown orders made performance of any alleged implied contract to provide in-person class impossible by operation of law," any duty to provide in-person instruction to students was "excused." Catholic Mot. at 12; *accord* Howard Mot. at 11.

Any remedy for the plaintiffs, both defendants contend, must instead come from the plaintiffs' claims for unjust enrichment.

For the most part, the plaintiffs do not contest that the Mayor's pandemic-related orders precluded the possibility of in-person instruction, or that their remedy lies in restitution. *See* Catholic Opp'n at 4–7, Dkt. 66 (No. 20-cv-1496); Howard Opp'n at 5–7, Dkt. 61 (No. 21-cv-3792). But that is insufficient for the universities' motions to be granted because, as alleged in both complaints, the defendants halted in-person instruction *before* the Mayor's March 30, 2020 order took effect.[1]  *See* Catholic FAC ¶ 38 (announcement of March 11 that in-person classes would not resume after spring break as originally scheduled on March 16); Howard FAC ¶ 43 (announcement of March 16 that in-person classes would not resume after spring break as originally scheduled on March 23). To be sure, there is no requirement that to invoke the impossibility defense, a nonperforming party must demonstrate that performance is legally prohibited. *See Whelan*, 170 A.2d at 230. And ultimately, the record may well show that, assuming the universities had a contractual obligation to provide in-person instruction, their decisions to transition to remote learning were timely and necessary responses to the COVID-19 pandemic. But it is not enough to say, as Catholic does in a footnote, that this "factual quibble"—whether the impossibility defense protected the universities' actions beginning at the *time of their closure*—should now be resolved in their favor. Catholic Reply at 2 n.1, Dkt. 67 (No. 20-cv-1496). That determination must be made, at the earliest, on a motion for summary judgment. *See* Fed. R. Civ. P 12(c), (d).

---

[1] Both universities' motions rely on the Mayor's stay-at-home order of March 30, 2020. *See* Mayor's Order 2020-054, Stay at Home Order (Mar. 30, 2020), https://mayor.dc.gov/release/mayor-bowser-issues-stay-home-order.

**II.     FEES**

The Court will also deny Catholic's motion for judgment on the pleadings as to Montesano's fee-related claims. As a threshold matter, this Court has already rejected Catholic's contention that the amended complaint fails to state a claim with respect to both tuition and fees. *See generally* First Mem. Op.

Catholic now asserts that the result must change under the D.C. Circuit's recent decision in *Shaffer*, which it says holds, as relevant here, that a breach of contract claim for student fees will lie only when related services "can *only* be delivered in person." Catholic Mot. at 2; *see also* Catholic Reply at 8–9 (repeatedly stating the same). That misconstrues *Shaffer*'s holding. *Shaffer* did not articulate an exclusivity test, but rather held that the relevant question is whether each fee carried with it a duty, under the associated implied-in-fact contract, to provide in-person services. *Shaffer*, 27 F.4th at 767. That is, a claim survives if the fees at issue were contractually "associated with access to on-campus fees or services." *Id.* at 766. This is a fee-specific inquiry that requires attention to the particular facts alleged in the complaint. *See, e.g.*, *id.* (claim related to student association fee could not survive because the complaint was "devoid of specific factual allegations" that the fee was "tie[d] . . . to the provision of on-campus services, activities, and programs"); *id.* at 767 (sports center fee claim survived, notwithstanding university's assertion that it was "not a membership fee," because it was reasonable to infer that the fee was paid in exchange for access to the facility).

Here, as this Court stated previously, "[f]urther factual development of the record" is required to determine the exact scope of Catholic's obligations, First Mem. Op. at 8, and at this stage, Montesano has "plausibly alleged that the universities contracted . . . to provide access to campus and in-person education in exchange for in-person tuition and fees," *id.* at 4. The Court's

4

reasoning then comports with the Circuit's decision in *Shaffer*, and its conclusions remain the same now. Montesano alleges that Catholic's Activities Fee is paid only by students enrolled in in-person classes—not those enrolled fully online or studying abroad—and that the Student Government Association, which sets the Activities fee, can be seen "at work" "[e]ach time you set foot on Catholic's campus." Catholic FAC ¶¶ 17–18, 160–161. And while Catholic reads Montesano's allegation that the Technology Fee covered "campus-based information technology resources" to include campus-based resources that could be accessed remotely, it is also plausible at this stage to infer that "campus-based . . . resources" instead refers to technology resources made available to students on campus.[2]

\*   \*   \*

For the reasons stated,

It is **ORDERED** that Catholic University's Motion for Partial Judgment on the Pleadings, Dkt. 64 (No. 20-cv-1496), is **DENIED**. It is further

**ORDERED** that Howard University's Motion for Partial Judgment on the Pleadings, Dkt. 54 (No. 20-cv-3792), is **DENIED**.

**SO ORDERED.**

October 26, 2022

DABNEY L. FRIEDRICH
United States District Judge

---

[2] Catholic summarily states that Montesano's unjust enrichment claim as to the fees similarly fails. Catholic Mot. at 15 n.11. For the reasons stated in the First Memorandum Opinion, the alternative unjust enrichment claim will not be dismissed at this stage because it remains possible that the Court will conclude no contractual provision controls this issue or the contractual duty will be held unenforceable or avoidable. First Mem. Op. at 8–9; *accord Shaffer*, 27 F.4th at 768 ("In these cases, where the nature and enforceability of any promises . . . remain[s] unresolved, Plaintiffs' alternative claims for unjust enrichment may proceed past the pleadings stage.").