**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| HALEY GUSTAVSON, individually and on behalf of all others similarly situated, | Civil Action No. 20-cv-01496 |
| *Plaintiffs*, | |
| v. | |
| THE CATHOLIC UNIVERSITY OF AMERICA, | |
| *Defendant*. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Dated: August 27, 2024

_____/s/ Paul Doolittle_____
**POULIN | WILLEY |
ANASTOPOULO, LLC**
Paul Doolittle (admitted *pro hac vice*)
32 Ann Street
Charleston, SC 29403
(843) 222-2222
pauld@akimlawfirm.com


**DOUGLAS & BOYKIN, PLLC**
Curtis A. Boykin (Bar No. 444120)
1850 M Street, NW, Suite 640
Washington, DC 20036-5836
Telephone: (202) 776-0370
Facsimile: (202) 776-0975
Email: caboykin@douglasboykin.com
*Attorneys for Plaintiff and Putative Class*

**TABLE OF CONTENTS**

PAGE(S)

INTRODUCTION .................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 1

I. FACTUAL BACKGROUND .......................................................................................... 1

II. PROCEDURAL BACKGROUND ................................................................................. 2

ARGUMENT ........................................................................................................................ 4

    I.     THE COURT SHOULD PRELIMINARILY APPROVE THE
           PROPOSED SETTLEMENT .................................................................................4

           A. Complexity, Expense, and Likely Duration of the Litigation ........................ 6

           B. The Stage of the Proceedings and the Amount of Discovery
              Completed .........................................................................................................6

           C. Plaintiffs Would Face Real Risks if the Case Proceeded ............................7

           D. Defendant's Ability to Withstand a Greater Judgment ............................... 8

           E. The Settlement is Fair, Reasonable and Adequate....................................... 8

           F. The Proposed Form and Method of Providing Notice to the
              Proposed Settlement Class are Appropriate ................................................ 9

            G. The Proposed Attorneys' Fees are Reasonable ......................................... 10

    II.    PROVISIONAL CERTIFICATION OF THE PROPOSED
           SETTLEMENT CLASS IS APPROPRIATE ....................................................11

           A. The Proposed Settlement Class Meets the Requirements of Rule
              23(a) ........................................................................................................... 12

              1. Numerosity ........................................................................................12

              2. Common Questions of Law and Fact...............................................12

              3. Typicality ...........................................................................................13

               4. Adequacy ...........................................................................................14

            B. The Settlement Class Satisfies the Requirements of Rule 23(b)(3) .......................... 14

              1. Common Issues Predominate Over Any Individual Ones .....................................15

              2. A Class Action is a Superior Mechanism .............................................................16

    III. THE COURT SHOULD PRELIMINARILY APPOINT NAMED

PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES ........................................16

    IV.     THE COURT SHOULD APPROVE THE PROPOSED NOTICE

            PLAN...........................................................................................................17

CONCLUSION…………………………………………………...…………………………………18

**CASES**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...........................................................................................15, 19-20

*Borum v. Brentwood Village, LLC*,
324 F.R.D. 1, 11 (D.D.C. 2018)…………………………………………………………..15

*Cohen v. Chilcott*,
522 F.Supp. 2d 105, 122 (D.D.C. 2007)…………………………………………………14, 20

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008))…………………………….....………………………………12

*Girsh v. Jepson*,
  521 F.2d 153 (3d. Cir. 1975) ...................................................................................5, 6, 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................ 15

*Hardy v. District of Columbia*,
283 F.R.D. 20, 27 (D.D.C. 2012)…………………………………………………………19

*In re Ampicillin Antitrust Litig.*,
526 F.Supp. 494, 498 (D.D.C.1981)………………………………………………………14

*In re Baan Co. Securities Litigation*,
284 F.Supp. 2d 62 (D.D.C. 2003)………………………………………………………7, 10

*In re Cardizem CD Antitrust Litig.*,
200 F.R.D. 297, 304 (E.D. Mich. 2001))………………….....……………………………17

*In re Domestic Airline Travel Antitrust Litigation*,
322 F.Supp. 3d 64, 68 (D.D.C. 2018)…………………………………………....…………12

*In re Federal National Mortgage Association Securities, Derivative and ERISA Litigation*,
4 F.Supp. 3d 94, 103 (D.D.C. 2013)………………………………………………………10

*In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.* ("*In re GMC*"),
55 F.3d 768 (3d Cir. 1995)…………………………………………………....……………15

*In re Lorazepam & Clorazepate Antitrust Litig.*,
205 F.R.D. 369, 375 (D.D.C.2002)……………………………………………4, 7, 12, 14

*In re: McCormick and Company, Inc. Pepper Products Marketing and Sales Litigation*
422 F.Supp. 3d 194, 237 (D.D.C. 2019)………………………………………………16

*In re Newbridge Networks Securities Litigation*,
1998 WL 765724 (D.D.C. 1998)……………………………………………………...……5, 7-10

*In re Vitamins*,
305 F.Supp. 2d 100, 105 (D.D.C. 2004)……………………………………………………..7

*In re XM Satellite Radio Holdings Secs. Litig.*,
237 F.R.D. 13 (D.D.C. 2006)……………………………………………………………...…17

*Lindsay v. Gov't Employees Ins. Co.*,
251 F.R.D. 51, 55 (D.D.C. 2008)……………………………………...……………………15

*Martin v. Lindenwood Univ.*,
No. 4:20-cv-01128-RLW, Order (E.D. Mo. May 11, 2022)…………………………………14

*Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*,
565 F.Supp.2d 49, 54 (D.D.C.2008)………………………………………………………4, 8

*Mercier v. United* States,
156 Fed. Cl. 580, 584 (2021)…………………………………………………………………5

*Osher v. SCA Realty I, Inc.*,
945 F.Supp. 298, 304 (D.D.C.1996)………………………………...……………………6, 9

*Peters v. National R.R. Passenger Corp.*,
966 F.2d 1483 (D.C. Cir. 1992)……………………………………………………………12

*Pigford v. Glickman*,
185 F.R.D. 82, 103 (D.D.C.1999)……………………………………………..……………4

*Radosti v. Envision EMI, LLC*
717 F. Supp. 2d 37 (D.D.C. 2010)……………………………………………………17, 20-21

*Richardson v. L'Oreal USA Inc.*,
991 F.Supp. 2d 181, 197 (D.D.C. 2013)……………………………………………………..18

*Rosado v. Barry Univ., Inc.*,
No. 1:20-cv-21813-JEM (S.D. Fla. Mar. 30, 2021)…………………………………………13, 14

*Rossini v. Ogilvy & Mather, Inc.*,
 798 F.2d 590 (2d Cir. 1986) .................................................................................................... 19

*Stephens v. U.S. Airways Group Inc.*
102 F. Supp. 3d 222, 230 (D.D.C. 2015)……………..……………………………………14

*United States v. District of Columbia*,

933 F.Supp. 42, 47 (D.D.C.1996)…………………………………………………………4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)……………………………………………………………..16, 19

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96, 114-15 (2d Cir. 2005)……………………..……………………………12

*Wright v. S. New Hampshire Univ.*,
 2021 WL 1617145 (D.N.H. Apr. 26, 2021) ..............................................................13

**RULES**

Fed. R. Civ. P. 23 ................................................................................... passim

**OTHER AUTHORITIES**

*Newberg on Class Actions* (4th ed. 2002) .................................................. 15

Plaintiff Haley Gustavson individually and as the Class Representative, hereby moves for a final order approving the Class Action Settlement Agreement between Plaintiffs and Defendant Catholic University of America ("Catholic" or "Defendant").

**FACTUAL AND PROCEDURAL BACKGROUND**

**FACTUAL BACKGROUND**

Plaintiff is a former student at Catholic who alleges that Defendant failed to "issue appropriate refunds for the Spring 2020 semester after cancelling in-person classes and changing all classes to an online/remote format . . . as a result, of the Novel Coronavirus Disease." Second Amended Class Action Complaint (ECF No. 78) ("CAC"), ¶ 1. Plaintiff further alleges that Catholic "deprived Plaintiffs and other members of the Classes from recognizing the benefits of on-campus enrollment . . . in exchange for which they had already paid . . . tuition." *Id.* ¶ 2. The CAC also alleges that Catholic breached a contract with Plaintiff when failing to provide Plaintiff with a refund for tuition. *See, e.g., id.* ¶¶ 132. In addition, Plaintiff Gustavson alleges that Catholic breached its contractual obligations with students by failing to refund Plaintiff and other students for mandatory fees such as the Activities Fee and Technology Fee, the benefits of which were not enjoyed by the Plaintiff after the cancellation of in-person activities and classes. ¶¶ 168. Class Defendant disputes Plaintiff's allegations and denies all claims of wrongdoing.

**PROCEDURAL BACKGROUND**

Plaintiff Daniella Montesano filed a putative class action complaint in this Court on June 8, 2020.  ECF No. 1. Catholic moved to dismiss the complaint on August 17, 2020.  ECF No. 16. In response, Plaintiff Montesano filed an Amended Class Action Complaint on August 31, 2020. ECF No. 17. On September 11, 2020, Catholic moved to dismiss the Amended Class Action Complaint.  ECF No. 20. Plaintiff Montesano filed her Response on October 16, 2020.  ECF No. 22.  On July 9, 2021, the Court entered its Memorandum Opinion and Order denying the Defendant's Motion to Dismiss.  ECF No. 39.

On July 23, 2021, Catholic filed its Motion for Certification of Interlocutory Appeal and Motion to Stay regarding the Court's denial of its Motion to Dismiss.  ECF No. 41.  Plaintiff Montesano filed her Response to this Motion on August 6, 2021.  On September 3, 2021, the Court granted Catholic's Motion for Certification of Interlocutory Appeal and Motion to Stay the Case Pending Appeal.  ECF No. 45.  On November 27, 2021, the D.C. Circuit denied Catholic's Petition for Leave to File An Interlocutory Appeal.  ECF No. 46.  On May 24, 2022, Catholic filed a Partial Motion to Dismiss the Amended Class Action Complaint  and  its Answer to Plaintiff's Amended Class Action Complaint.  ECF Nos. 51 and 52.  Plaintiff filed its Response to the Partial Motion to Dismiss on June 14, 2022.  ECF No. 57.  In a June 22, 2022 text-only Order, the Court denied the Catholic's Partial Motion to Dismiss.  On August 24, 2022, Catholic filed a Motion for Judgment on the Pleadings.  ECF No. 64.  Plaintiff filed her Response on September 28, 2022. ECF No. 67.  The Court denied Catholic's Motion for Judgment on the Pleadings on October 26, 2022.  ECF No. 69.

The parties began conducting discovery during the summer of 2022.  Catholic responded

to interrogatories, document requests, and requests for admission, and produced a significant volume of documents (over 44,000 pages in total), including documents relating to its transition to remote instruction during the Spring 2020 semester and the financial impact of the COVID-19 pandemic on Catholic, as well as documents relating to Plaintiff Montesano.

On May 23, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint and Motion to Substitute Plaintiff Haley Gustavson for Plaintiff Montesano. ECF No. 74. Catholic filed its Response in Opposition to this Motion on June 9, 2023. ECF No. 77. On August 10, 2023, in a text-only Order, the Court granted Plaintiff's Motion for Leave to File Amended Complaint and Motion to Substitute Plaintiff. On August 10, 2023, Plaintiff Gustavson filed her Second Amended Class Action Complaint. ECF No. 78. Catholic filed its Answer to Second Amended Class Action Complaint on August 24, 2023. ECF No. 80. Catholic made an additional production of documents to Plaintiff Gustavson.

On November 15, 2023, the Parties filed a Joint Motion to Stay Proceedings asking the Court to stay the case until March 8, 2024 to allow them to discuss settlement. ECF No. 81. The Court entered a text-only order on November 29, 2023 referring the case to Magistrate Judge Michael Harvey for mediation. The Court directed the parties to report to the Court on or before March 17, 2024, as to the status of the mediation. On March 15, 2024, the Parties filed a Joint Status Report in which they reported that the parties were actively negotiating settlement papers and requested that the Court continue to stay the case. ECF No. 84. The Court granted the stay on March 15, 2024 and directed the parties to report to the Court on or before April 14, 2024. On April 15, 2024, the parties filed another Joint Status Report, stating that the parties were continuing to draft and negotiate settlement papers and requested an additional stay until May 15, 2024 to

make further progress.  ECF No. 85.  The Court granted the stay on April 15, 2024, asking the parties to report to the Court on or before May 15, 2024.  On May 15, 2024, the parties filed another Joint Status Report, stating that the parties were continuing to draft and negotiate settlement papers, and requesting a stay until June 15, 2024.  ECF No. 87.  The Court granted the stay on May 15, ordering the parties to file another joint status report by June 14, 2024.  On June 14, the parties filed another Joint Status Report, stating that they had reached agreement on all material terms of the settlement and were continuing to draft and negotiate settlement papers.  ECF No. 88. The Court granted the stay on June 14, ordering the parties to file another joint status report by July 15, 2024.  In the weeks following, the parties negotiated and finalized the full-form Settlement Agreement.

<u>ARGUMENT</u>

**I.    THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT**

The Court has the discretion to approve or reject the proposed settlement. *In re Lorazepam & Clorazepate Antitrust Litig*., 205 F.R.D. 369, 375 (D.D.C.2002). When deciding whether to grant approval, the Court must strike a balance between a rubber stamp approval and "the detailed and thorough investigation that it would undertake if it were actually trying the case." *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd*., 565 F.Supp.2d 49, 54 (D.D.C.2008) (internal citation omitted). Although the Court should undertake careful scrutiny of the settlement terms, the discretion to reject a settlement is "restrained by the 'principle of preference' that encourages settlements." *In re Lorazepam*, 205 F.R.D. at 375 (quoting *Pigford v. Glickman*, 185 F.R.D. 82, 103 (D.D.C.1999)); see also *United States v. District of Columbia*, 933 F.Supp. 42, 47 (D.D.C.1996).

To determine whether a settlement is fair, reasonable, and adequate, the Court looks to the "paramount twin elements of procedural and substantive fairness." *Mercier v. United* States, 156 Fed. Cl. 580, 584 (2021). In evaluating the substantive fairness of a class action settlement, courts in the D.C. Circuit consider the nine factors set forth in *Girsh v. Jepsen*, 521 F.2d 153 (3d Cir. 1975). See *In re Newbridge Networks Securities Litigation*, 1998 WL 765724 (D.D.C. 1998). (Applying *Girsh* factors). The *Girsh* factors are:

> (1) the complexity, expense, and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*See* Id. at 158. In addition, the Court must consider the following factors under Fed. R. Civ. P. 23(e)(2):

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:
> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

5

There is no single test in this Circuit for determining whether a class action settlement should be approved under Rule 23(e), and courts in the circuit have considered all of the above factors. See *Meijer, Inc. v. Warner Chilcott Holdings, Co. III, Ltd.* 565 F.Supp. 49, 54 (D.D.C. 2008). Here, taken together, the *Girsh* factors and Rule 23(e)(2) weigh heavily in favor of preliminarily approving the proposed Settlement.

### A.    Complexity, Expense, and Likely Duration of the Litigation

"[I]n the context of class actions, settlement is particularly appropriate given the litigation expenses and judicial resources required in many such suits." *Osher v. SCA Realty I, Inc.*, 945 F.Supp. 298, 304 (D.D.C.1996). Courts in this Circuit have consistently found that the resolution *of* class actions is preferable to the continuation of lengthy and expensive litigation with uncertain or possibly inconsistent results. *In re Baan Co. Securities Litigation,* 284 F.Supp. 2d 62 (D.D.C. 2003); *see also In re Newbridge Networks Securities Litigation* 1998 WL 765724 (D.D.C. 1998). Here, continuing this case would require significant time and expense. Remaining steps would likely include: (1) Plaintiff's motion for class certification; (2) Catholic's motion for summary judgment; (3) the Parties' competing motions to strike each other's experts; (4) trial; and (5) appeal. Settlement at this juncture thus provides a prompt resolution of this action as compared to the alternative.

### B.    The Stage of the Proceedings and the Amount of Discovery Completed

This factor guides courts to assess "whether counsel had sufficient information, through adequate discovery, to reasonably assess the risks of litigation vis-à-vis the probability of success and range of recovery." *In re Lorazepam*, 2003 WL 22037741, at *4. Evaluation of this factor involves a balance between a settlement not being "too early to be suspicious" and "too late to be

a waste of judicial resources." *In re Vitamins*, 305 F.Supp. 2d 100, 105 (D.D.C. 2004). Courts in this Circuit have held that the point in the litigation in which motions are still pending before the Court and the possibility of dismissal or summary judgment still alive as a "desirable point in the litigation for the parties to reach an agreement." Id. Here, having briefed a motion to dismiss, a motion for judgment on the pleadings, and a Rule 1292(b) motion, and engaged in a significant amount of discovery, Class Counsel are sufficiently well informed of the merits of the claims as well as the strengths and weaknesses of Catholic's arguments and affirmative defenses. With the possibility of dismissal of the Plaintiffs or a large verdict against the Defendant still possible at this stage of the litigation, settlement at this juncture is not only appropriate but desirable.

## C.     Plaintiff Would Face Real Risks if the Case Proceeded

Although Plaintiff believes her case is strong, it is not without risk. To prevail in this action, Plaintiff would not only have to prove Defendant's liability pursuant to the causes of action in the class complaint, but also have to prove damages, and that said damages were caused by the Defendant's conduct. "There is intrinsic difficulty in proving liability." *In re Newbridge*, 1998 WL 765724 at *2. Here, Plaintiff and the putative Class face risks at every juncture, including: (1) class certification (2) Howard's likely motion for summary judgment; (3) the Parties' competing motions to strike each other's experts; (4) trial; and (5) appeal. Each of these steps would pose significant risks to the Settlement Class Members that could result in them recovering nothing at all. The proposed settlement eliminates these risks while providing relief that is fair, reasonable and adequate.

**D. Defendant's Ability to Withstand a Greater Judgment**

"This *Girsh* factor addresses whether the defendant[] could withstand a judgment for an amount significantly greater than the Settlement." *Osher v. SCA Realty I, Inc.*, 945 F.Supp. 298, 306 (D.D.C. 1996). Here, while Catholic may be able to withstand a greater judgment, that does not weigh against preliminary approval. *Id.* ("In this case, this factor does not come into play as the defendants have considerable assets and could withstand the relief sought by the plaintiff Class."). settlement."); Thus, at worst, this factor is neutral.

**E. The Settlement is Fair, Reasonable and Adequate**

"The last two *Girsh* factors evaluate [the] … reasonableness in light of the best possible recovery and reasonableness in light of the risks the parties would face if the case went to trial." *In re Newbridge,* 1998 WL 765724 at 1. Evaluation under this factor is "an exercise which necessarily involves evaluating the strengths and weaknesses of plaintiffs' case." *In re Federal National Mortgage Association Securities, Derivative and ERISA Litigation*, 4 F.Supp. 3d 94, 103 (D.D.C. 2013). Courts in this Circuit have found the comparison of the settlement with the plaintiff's possible recovery at trial to be "most important factor." Id. In *In re Federal National Mortgage,* the D.C. District held that the $153 million settlement was within the 4 to 8% range of the plaintiff's "best case scenario" amount of recovery if they prevailed at trial. Id. The court in this case found that "4 to 8% " of possible recovery range to be comparable to other approved settlements. Id. See *In re Baan Co. Sec. Litig.*, 288 F.Supp.2d 14, 17 (D.D.C. 2003) (noting the median settlement "in similar [securities fraud] class actions brought under the PSLRA" is 3.6% of estimated damages); *In re Newbridge Networks Sec. Litig.,*1998 WL 765724, at *2, (D.D.C. Oct. 23, 1998) (finding "an agreement that secures roughly six to twelve percent of a potential

8

trial recovery, while preventing further expenditures and delays and eliminating the risk that no recovery at all will be won, seems to be within the targeted range of reasonableness").

Here, the total settlement value is $2.0 million, and Class Counsel projects that each Settlement Class Member is expected to receive several hundred dollars in cash. Importantly, the $2.0 million settlement value represents approximately 3% of the maximum potential recovery which squarely falls into percentage ranges approved by Courts in this Circuit.

> **Commented [RT1]:** We are not sure what this number is based on.
>
> **Commented [SL2R1]:** We took the number of enrolled students for Spring of 2020 and multiplied by ⅓ of tuition for Spring semester to calculate total possible recovery

Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the Settlement is more than reasonable. Moreover, as stated above, this Circuit recognizes a policy encouraging class action settlements. *In re Lorazepam*, 205 F.R.D. at 375 In addition, this Settlement treats Settlement Class Members equitably because they will each be given an equal share of the common fund.

### F.   The Proposed Form and Method of Providing Notice to the Proposed Settlement Class are Appropriate

The Due Process Clause gives unnamed class members the right to notice of a class action settlement but does not require actual notice to all class members who may be bound by the litigation. *In re Domestic Airline Travel Antitrust Litigation,* 322 F.Supp. 3d 64, 68 (D.D.C. 2018) (citing *Fidel v. Farley*, 534 F.3d 508, 513-14 (6th Cir. 2008)). Notice need only be reasonably calculated to reach the class in order to satisfy due process. *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (discussing notice by first class mail). Notice of a proposed settlement is adequate and satisfies Rule 23 and due process if it "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *In re Domestic Airline Travel* at 64 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 114-15 (2d Cir.

2005)). Class Counsel respectfully submits that the proposed plan for notice is fair, reasonable, and adequate. As recited in the Settlement and described above, the proposed notice will inform Settlement Class Members of the Settlement's substantive terms. It will advise Settlement Class Members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for receiving their Settlement Benefits; for objecting to the Settlement, Class Counsel's attorneys' fee application and/or request for service awards to the named Plaintiffs; and how to obtain additional information about the Settlement. The proposed plan for notice is designed to directly reach a very high percentage of Settlement Class Members (80%), with consideration that Settlement Class Members' contact information is readily available and maintained by Defendant.

Notice programs such as the one proposed by Class Counsel have been approved as adequate under the Due Process Clause and Rule 23.  in other similar COVID-19 refund actions.. *See, e.g.*, *Adavenaixx v. Howard University*, Case No. 1:23-cv-00663-DLF (D.D.C. June 18, 2024); *Wright v. S. New Hampshire Univ.,* 2021 WL 1617145, at *2 (D.N.H. Apr. 26, 2021); see also *Rosado v. Barry Univ., Inc.,* No. 1:20-cv-21813-JEM (S.D. Fla. Mar. 30, 2021). Accordingly, the Court should approve the plan for notice and the form and content of the notices.

### G.      The Proposed Attorneys' Fees are Reasonable

Pursuant to the Settlement Agreement, Class Counsel will apply to the Court for a Fee Award not to exceed one-third of the Settlement Fund.  The D.C. Circuit has joined other circuits "in concluding that a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fees award in common fund cases." *Stephens v. U.S. Airways Group*

*Inc.* 102 F. Supp. 3d 222, 230 (D.D.C. 2015) (quoting *Cohen v. Chilcott*, 522 F.Supp.2d 105, 122 (D.D.C. 2007)). "[F]ee awards in common fund cases may range from fifteen to forty-five percent." Id. (quoting *In re Lorazepam & Clorazepate Antitrust Litigation*, 2003 WL 22037741, at *8 (D.D.C. 2003)). .Such a request for attorneys' fees is reasonable in comparison to other common-fund settlements within the D.C.Circuit. See, e.g., *Stephens v. U.S. Airways Group, Inc.* at 230 (Finding attorneys fees of 38% of the common fund as reasonable); *In re Ampicillin Antitrust Litig.*, 526 F.Supp. 494, 498 (D.D.C.1981) (holding that "several courts have awarded more than forty percent of the settlement fund"). The same percentage of 33% has been approved in other COVID-19 tuition refund actions. See, e.g., *Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609-LM, Order (D.N.H. Aug. 22, 2021); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM, Order (S.D. Fla. Aug. 7, 2021), *Martin v. Lindenwood Univ.*, No. 4:20-cv-01128-RLW, Order (E.D. Mo. May 11, 2022).

## II. PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS APPROPRIATE

Plaintiff respectfully requests that the Court conditionally certify the Settlement Class for purposes of effectuating the settlement. The Court should determine, for settlement purposes only, that the proposed Settlement Class satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation, and at least one of the subsections of Rule 23(b), see *Amcham Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997*); Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); Newberg on Class Actions § 11:27 (4th ed. 2002) (citing *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.* ("*In re GMC*"), 55

F.3d 768 (3d Cir. 1995)), and provisionally certify the settlement class, appoint Poulin Willey Anastopoulo, LLC as Class Counsel, and Plaintiff Haley Gustavson as the Class Representative.

### A.     The Proposed Settlement Class Meets the Requirements of Rule 23(a)

#### 1.     Numerosity

Rule 23(a) requires that the members of the class be so numerous that joinder of all members is impracticable. While numerosity does not require a fixed number of class members, the United States Court of Appeals for the D.C. Circuit has found that "a class in excess of 40 members is sufficiently numerous to satisfy this requirement." *Borum v. Brentwood Village, LLC,* 324 F.R.D. 1, 11 (D.D.C. 2018) (quoting *Lindsay v. Gov't Employees Ins. Co.*, 251 F.R.D. 51, 55 (D.D.C. 2008)).  The Settlement Class likely consists of about 4,784 members. Therefore, the numerosity requirement of Rule 23(a) is readily satisfied.

#### 2.     Common Questions of Law and Fact

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This threshold is satisfied if the question is "capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A single common question "will do" when it comes to the commonality requirement. *In re: McCormick and Company, Inc. Pepper Products Marketing and Sales Litigation* 422 F.Supp. 3d 194, 237 (D.D.C. 2019) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 359).   The "common contention" "must be of such a nature that it is capable of classwide resolution–which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" Id. (quoting *Wal-Mart Stores, Inc.* 564 U.S. at 359).

Here, Plaintiff easily demonstrates commonality. Common issues include whether Catholic was contractually bound to provide students with a full semester of in-person classes and access to its campus, whether Catholic breached its contract with students by delivering online classes instead, and whether Catholic was unjustly enriched when it failed to fully refund students. These common questions, which target the same alleged misconduct by Catholic, satisfy Rule 23(a)(2).

### 3. Typicality

Typicality is generally satisfied "when the plaintiffs' claims arise from the same course of conduct, series or events, or legal theories of other class members." *In re XM Satellite Radio Holdings Secs. Litig.*, 237 F.R.D. 13, 18 (D.D.C. 2006). "The facts and claims of each class member do not have to be identical to support a finding of typicality; rather, [t]ypicality refers to the nature of the claims of the representative, not the individual characteristics of the plaintiff." *Radosti v. Envision EMI, LLC* 717 F. Supp. 2d 37, 52 (D.D.C. 2010) (quoting *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 304 (E.D. Mich. 2001))In the instant case, the claims of the Plaintiff arise from the same course of conduct, series, events and legal theories of other class members. The Plaintiff is typical of the rest of the class because all were undergraduate students at Catholic in Spring 2020, they each paid tuition (whether through loans, with the assistance of parents or out of their own pockets) and Catholic failed to provide each of them with a full semester of in-person classes. The claims of the Plaintiff and other class members are all based on Catholic's failure to provide the full value of their education during the Spring 2020 semester, and their damages are substantially similar, i.e. the reimbursement of tuition and fees paid, among other damages.

13

### 4. Adequacy

To meet the adequacy requirement under Rule 23(a), the district court must find that (1) the class representatives' interests do not "compete with those of the class," and (2) the proposed class representative is "able to vigorously prosecute the interests of the class through qualified counsel" *Richardson v. L'Oreal USA Inc.*, 991 F.Supp. 2d 181, 197 (D.D.C. 2013).

Here, there is no evidence that the named class representative's interests are antagonistic to other class members' interests as everyone stands to potentially recover the same amount. Moreover, Plaintiff has demonstrated her adequacy and commitment to vigorously prosecuting this action by performing her duties as named plaintiff. In that regard, Plaintiff has been in regular communication with her counsel about the progress of this case, reviewed documents filed on her behalf in order to remain updated on the status of this case, and has searched for and collected documents relevant to this action.

Likewise, proposed Class Counsel Poulin Willey Anastopoulo has extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Doolittle Decl. ¶ 10. Class Counsel regularly engages in major complex class action litigation, has the resources necessary to conduct litigation of this nature, and has frequently been appointed lead class counsel by courts throughout the country. *Id.*; see also Firm Resume of Poulin Willey Anastopoulo, Doolittle Decl. Ex. 2.

### B. The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

Rule 23(b)(3) requires that common questions of law or fact not only be present, but "predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem,* 521 U.S. at 623. That Plaintiff easily meets the Rule 23(a) criteria is a strong indicator that Rule 23(b)(3) is satisfied. *Rossini v. Ogilvy & Mather, Inc.,* 798 F.2d 590, 598 (2d Cir. 1986) (satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality").

### 1. Common Issues Predominate Over Any Individual Ones

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes,* 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem,* 521 U.S. at 623. The predominance requirement "is designed to determine whether 'proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hardy v. District of Columbia,* 283 F.R.D. 20, 27 (D.D.C. 2012) (quoting *Amchem*, 521 U.S. at 623).

Here, Catholic engaged in a common course of conduct when it transitioned all in-person classes to online classes. For the Plaintiff's claims and the claims of class members, the same, generalized evidence will be used to prove the claims of the Plaintiff and class members.  In these circumstances, courts find, particularly for purposes of settlement, that there is predominance of common questions over individual issues. See *Radosti,* 717 F.Supp. 2d at 53. ("[P]redominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position").

### 2.     A Class Action is a Superior Mechanism

The second part of the Rule 23(b)(3) analysis is a relative comparison examining whether

a class action is the superior method of adjudication, the relevant considerations include: "(a) the

interest of members of the class individually controlling the prosecution or defense of separate

actions; (b) the extent and nature of any litigation concerning the controversy already

commenced by or against members of the class; (c) the desirability or undesirability of

concentrating litigation of the claims in the particular forum; and (d) the difficulties likely to be

encountered in the management of the class action." *Cohen,* 522 F.Supp.2d at 117(citing

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).

Here, Plaintiff and the Settlement Class Members have limited financial resources with

which to prosecute individual actions, and Plaintiff is unaware of any individual lawsuits that

have been filed by Settlement Class Members arising from the same allegations. Employing the

class device here will not only achieve economies of scale for putative Class Members, but will

also conserve the resources of the judicial system and preserve public confidence in the integrity

of the system by avoiding the expense of repetitive proceedings and preventing inconsistent

adjudications of similar issues and claims. See *Radosti*, 717 F.Supp. 2d at 54. . A class action is

the most suitable mechanism to fairly, adequately, and efficiently resolve the putative settlement

class members' claims.

### III.     THE COURT SHOULD PRELIMINARILY APPOINT NAMED PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES

Plaintiff Haley Gustavson has actively participated in her respective case and has

vigorously represented the interests of the Settlement Class Members. Specifically, she has

provided Class Counsel with information necessary to draft and file complaints, responded to

multiple information requests, and represented the Settlement Class Members in settlement

discussions. Moreover, Plaintiff is an adequate class representative because her interests are not

antagonistic to those of the Settlement Class Members. Plaintiff, like members of the Settlement

Class, claims to have purchased Catholic's on-campus product, and seeks a refund for

educational services that she allegedly did not fully receive. Accordingly, the Court should

preliminarily appoint the Named Plaintiff as Settlement Class Representative.

## IV.     THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN

Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice practicable under the circumstances, including
> individual notice to all members who can be identified through
> reasonable effort. The notice must concisely and clearly state in
> plain, easily understood language: the nature of the action; the
> definition of the class certified; the class claims, issues, or
> defenses; that a class member may enter an appearance through
> counsel if the member so desires; that the court will exclude from
> the class any member who requests exclusion, stating when and
> how members may elect to be excluded; and the binding effect of a
> class judgment on class members under Rule 23(c)(3).

Here, the proposed Notice provides detailed information about the Settlement, including:

1) a comprehensive summary of its terms; 2) Class Counsel's intent to request attorneys' fees,

reimbursement of expenses, and incentive award for the Named Plaintiff; and 3) detailed

information about the Released Claims. See Settlement Exhibits B-D. In addition, the Notice

provides information about the Final Approval Hearing date, the right of Settlement Class

Members to seek exclusion from the Class or to object to the proposed Settlement (as well as the

deadlines and procedure for doing so), and the procedure to receive additional information. *Id.*

In short, the Notice is intended to fully inform Settlement Class Members of the lawsuit, the

proposed Settlement, and the information they need to make informed decisions about their

rights. The very detailed information in this proposed notice goes well beyond the requirements of the Federal Rules. Indeed, courts have approved class notices even when they provided only general information about a settlement. This information is adequate to put Settlement Class Members on notice of the proposed Settlement and is well within the requirements of Rule 23(c)(2)(B).

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Plaintiff as Settlement Class Representative, appointing Poulin Willey Anastopoulo, LLC as Class Counsel, and approving the proposed schedule.

Dated: August 27, 2024    Respectfully submitted,

        <u>*/s/ Paul Doolittle*</u>
        **POULIN | WILLEY |**
        **ANASTOPOULO, LLC**
        Paul Doolittle (admitted *pro hac vice*)
        32 Ann Street
        Charleston, SC 29403
        (843) 222-2222
        pauld@akimlawfirm.com

        **DOUGLAS & BOYKIN, PLLC**
        Curtis A. Boykin (Bar No. 444120)
        1850 M Street, NW, Suite 640
        Washington, DC 20036-5836
        Telephone: (202) 776-0370
        Facsimile: (202) 776-0975
        Email: caboykin@douglasboykin.com
        *Attorneys for Plaintiff and Putative Class*