**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| HALEY GUSTAVSON, individually and on behalf of all others similarly situated, | Civil Action No. 20-cv-01496 |
| *Plaintiffs*, | |
| v. | |
| THE CATHOLIC UNIVERSITY OF AMERICA, | |
| *Defendant*. | |

**DECLARATION OF PAUL DOOLITTLE IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES AND CLASS
REPRESENTATIVE AWARD**

I, Paul J. Doolittle,  pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a partner at Poulin Willey Anastopoulo, LLC, counsel of record for Plaintiff in this action. I am an attorney at law licensed to practice in the State of South Carolina, and I have been admitted to appear in this matter pro hac vice. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      I make this declaration in support of Plaintiff's motion for attorneys' fees, costs, expenses and class representative award filed herewith.

3.      Attached hereto as Exhibit A is a true and correct copy of the Parties' Class Action Settlement Agreement. Attached as Exhibits B-D to the Settlement Agreement are the Proposed Class Notices.

4.      Both before and throughout this litigation, Class Counsel has conducted a full and thorough investigation of this matter, which included consulting with experts, analyzing the strengths and weaknesses of the potential legal claims under District of Columbia law, and reviewing outward-facing materials on Defendant's website and various materials provided by Plaintiff.

5.      On June 8, 2020, Plaintiff Haley Gustavson filed a putative class action on behalf of all people who paid tuition and/or fees for the Spring 2020 semester at The Catholic University of America.  ECF No. 1.

6.      In response to the Complaint, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 16.

7.      On August 31, 2020, Plaintiff filed an Amended Complaint.  ECF No. 17.

8.      On September 18, 2020, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 20.

9.      On October 9, 2020, Plaintiff filed her Memorandum in Opposition to Motion to Dismiss.  ECF No. 21.

10.     On May 11, 2021, the parties held a hearing at the United States District Court for the District of Columbia regarding Defendant's Motion to Dismiss.

11.     On July 9, 2021, the Court denied Defendant's Motion to Dismiss.  ECF No. 39.

12.     On July 23, 2021, the Defendant filed its Motion for Certification for Interlocutory Appeal regarding the Court's Order denying Motion to Dismiss.  ECF No. 41.

13.     On August 6, 2021, the Plaintiff filed her Memorandum in Opposition to Defendant's Motion for Certification for Interlocutory Appeal.  ECF No. 43.

14.     On September 3, 2021, the Court granted Catholic's Motion for Certification of Interlocutory Appeal and Motion to Stay the Case Pending Appeal.  ECF No. 45

15.     On November 27, 2021, the D.C. Circuit denied Catholic's Petition for Leave to File An Interlocutory Appeal.  ECF No. 46.

16.     On May 24, 2022, Catholic filed a Partial Motion to Dismiss the Amended Class Action Complaint  and  its Answer to Plaintiff's Amended Class Action Complaint.  ECF Nos. 51 and 52.

17.     Plaintiff filed its Response to the Partial Motion to Dismiss on June 14, 2022. ECF No. 57.

18.    In a June 22, 2022 text-only Order, the Court denied the Catholic's Partial Motion to Dismiss.

19.    On August 24, 2022, Catholic filed a Motion for Judgment on the Pleadings. ECF No. 64.

20.    Plaintiff filed her Response to Defendant's Motion for Judgment on the Pleadings on September 28, 2022.  ECF No. 67.

21.    The Court denied Catholic's Motion for Judgment on the Pleadings on October 26, 2022.  ECF No. 69.

22.    The parties began conducting discovery during the summer of 2022.  Catholic responded to interrogatories, document requests, and requests for admission, and produced a significant volume of documents (over 44,000 pages in total), including documents relating to its transition to remote instruction during the Spring 2020 semester and the financial impact of the COVID-19 pandemic on Catholic, as well as documents relating to Plaintiff.

23.    On May 23, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint and Motion to Substitute Plaintiff Haley Gustavson for Plaintiff Montesano.  ECF No. 74.

24.    Catholic filed its Response in Opposition to this Motion on June 9, 2023.  ECF No. 77.

25.    On August 10, 2023, in a text-only Order, the Court granted Plaintiff's Motion for Leave to File Amended Complaint and Motion to Substitute Plaintiff.

26.    On August 10, 2023, Plaintiff Gustavson filed her Second Amended Class Action Complaint.  ECF No. 78.

27.    Catholic filed its Answer to Second Amended Class Action Complaint on August 24, 2023.  ECF No. 80.

28.     Ultimately, after litigating Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings, which were denied by the Court, the Parties agreed to multiple stays in the instant litigation for the purposes of negotiating a settlement.

29.     The Parties exchanged information necessary to evaluate the case, including the total out-of-pocket amount paid for in-person tuition and fees for the Spring Semester 2020 as well as airing their respective legal arguments and theories on potential damages. Defendant also provided extensive financial records detailing tuition and fees collected for the Spring Semester 2020. Plaintiff's counsel also spoke with experts concerning the strengths and weakness of the case, as well as the strengths and weaknesses of Defendant's arguments and defenses. Accordingly, the Parties were able to sufficiently assess the strengths and weaknesses of their cases before undergoing settlement discussions.

30.     After several months of negotiations and other extensive communications. Plaintiffs and Defendant reached an agreement that creates a $2,000,000.00 settlement fund, which will be used to pay all approved claims by class members, notice and administration expenses, a Court-approved class representative award to Plaintiff, and attorneys' fees and costs to Class Counsel, to the extent awarded by the Court.

31.     On August 29, 2024, the Plaintiff filed her Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement.  ECF No. 95.

32.     On September 19, 2024, the Court enter its Order granting preliminary approval of the class action settlement.  ECF No. 98.

33.     Pursuant to the terms of the Proposed Settlement, Settlement Class Members who do not opt out will automatically receive a pro rata payment after deductions for notice and administration expenses, incentive awards, and attorneys' fees and costs.

34.     Settlement Class Members will have the ability to opt via an election form to receive their payment by check, Venmo, or PayPal. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date. In the event a Settlement Class

Member does not submit an Election Form, the Settlement Class Member will receive a payment in the form of a check sent to the Settlement Class Member's last known address.

35. My firm, Poulin Willey Anastopoulo, LLC, has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (See Firm Resume of Poulin Willey Anastopoulo, LLC, a true and accurate copy of which is attached hereto as Exhibit E). My firm has also been recognized by courts across the country for its expertise and skilled and effective representation. My firm has zealously represented the interests of the Class and committed substantial resources to the resolution of the class claims.

36.    The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

37.    Apart from the Settlement Agreement itself, there are no additional agreements between the parties.

38.    Plaintiff and Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

39.    Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case, including Defendant's potential motions for summary judgment and motions to strike Plaintiffs' experts, and anticipated opposition to Plaintiff's class certification, could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they are prepared to continue their vigorous defense of this case.

40.    Since the Court granted preliminary approval, my firm has worked with the Settlement Administrator, Simpluris, to carry out the Court-ordered notice plan.

41.     Since class notice has been disseminated, my firm has worked with Simpluris on a weekly basis to monitor settlement claims and any other issues that may arise.

42.     Attached hereto as Exhibit F are my firm's detailed billing diaries for this matter, as well as a summary of the same.  I have personally reviewed all of my firm's time entries associated with this case, and have used billing judgment to ensure that duplicative and unnecessary time has been excluded and that only time reasonably devoted to the litigation has been included.  My firm's time entries were regularly and contemporaneously recorded by myself and other timekeepers pursuant to firm policy and have been maintained in the computerized records of my firm.

43.     My firm undertook this matter on a contingency basis.  To date, my firm has expended 949 hours in this case with a lodestar of $460,182.90.

44.     In addition to the time enumerated above, I estimate that my firm will incur an additional 50-75 hours of future work in connection with the preparation of Plaintiff's Motion for Final Approval, the fairness hearing, coordinating with Simpluris, monitoring settlement administration, and responding to Settlement Class Member inquiries.

45.     To date, my firm has also expended $144,808.38 in out of pocket costs and expenses in connection with the prosecution of this case.  These costs and expenses are reflected in the records of my firm and were necessary to prosecute this litigation.  Cost and expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

46.     Included within Exhibit F is a chart setting forth the hourly rates charged for lawyers and staff at my firm at the time the work was completed.  Based on my knowledge and experience, the hourly rates charged by my firm are within the range of market rates charged by attorneys of equivalent experience, skill and expertise.  As a matter of firm policy, we do not discount our regular hourly rates for non-contingent hourly work.  I have personal knowledge of the range of hourly rates typically charged by counsel in our field in New York, California, Florida, and elsewhere, both on a current basis and in the past.  In determining my firm's hourly rates from year to year, my partners and I have consciously taken market rates into account and have aligned our rates with the market.

47.     My firm extensively investigated Plaintiff's legal and factual allegations arising from Catholic's campus closure resulting from COVID-19.  Our work included, *inter alia*, conducting an extensive factual investigation, including (i) interviewing witnesses with knowledge of the underlying allegations in the Complaint; (ii) reviewing records and documents provided by the Plaintiff; (iii) reviewing public statements issued by Catholic; (iv) reviewing Catholic's course registration materials, documents, and handbooks; and (v) reviewing other publicly available information on Catholic's website.

48.     Throughout the pendency of this action, Haley Gustavson, the proposed Class Representative, has adequately and vigorously represented her fellow Class Members. She has spent significant time assisting her counsel, providing information regarding Defendant's policies and practices, providing pertinent documents, and assisting in settlement negotiations. Without her willingness to assume the risks and responsibilities of serving as class representative, I do not believe such a strong result could have been achieved.  Haley Gustavson's involvement in this case has been nothing short of essential.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed on December 9, 2024 in Charleston, South Carolina.


                             __/s/ Paul J. Doolittle_
                                Paul J. Doolittle