**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| HALEY GUSTAVSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CATHOLIC UNIVERSITY OF AMERICA,<br><br>*Defendant*. | Civil Action No. 20-cv-01496 |

**[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court in the instant case; and

WHEREAS, Plaintiff Haley Gustavson and Defendant The Catholic University of America ("Defendant" or "Catholic") have entered into a Class Action Settlement Agreement (ECF No. 97), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Actions with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto; and

WHEREAS, on September 19, 2024, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "[A]ll students enrolled in the Spring 2020 Semester who did not withdraw by March 18, 2020, for whom any amount of tuition and/or fees was paid to Catholic from any source other than a scholarship, grant or tuition remission from Catholic,

and whose tuition and/or fees have not been fully refunded by Catholic." (ECF No. 98 at ¶ 9(a)(i)); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 97), as well as Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Class Representative Award, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on January 23, 2025, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.  Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all Parties to the Actions.

3.  The court certifies, for settlement purposes only, the following Settlement Class:

> All students enrolled in the Spring 2020 Semester who did not withdraw by March 18, 2020, for whom any amount of tuition and/or fees was paid to Catholic from any source other than a scholarship, grant or tuition remission from Catholic, and whose tuition and/or fees have not been fully refunded by Catholic.
>
> Excluded from the Settlement Class are (i) any students who received full scholarships, grants or tuition remission from Catholic and thus did not pay any tuition or fees for the Spring 2020 Semester; (ii) the University and its officers, trustees and their family members; (iii) Class Counsel; (iv) the Judge presiding over the Action; and (v) all persons who properly execute and file a timely opt-out request to be excluded from the Settlement Class.

4.  For the reasons stated in its Preliminary Approval Order and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes only:

a. Rule 23(a)(1) Numerosity: The Settlement Class is too numerous to practicably join all members because it includes thousands of students who have not already settled and/or released their claims.

b. Rule 23(a)(2) Commonality: "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,' and that the claims arising from that injury depend on a 'common contention…of such a nature that it is capable of classwide resolution.'" *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 349-50, 359 (2011). Here Settlement Class Members allegedly paid tuition and fees for in-person instruction for the Spring 2020 Semester, and, thus, suffered the same alleged injury. Central questions of fact and law common to all Settlement Class Members include, *inter alia*, whether the University promised to provide in-person instruction during the Spring 2020 Semester.

c. Rule 23(a)(3) Typicality: the Settlement Class Representative's claims are typical of the members of the Settlement Class because they challenge the same conduct, the University's provision of remote instruction instead of in-person instruction beginning in the Spring 2020 Semester, and make the same legal arguments.

d. Rule 23(a)(4) Adequacy: Both the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class throughout the Action and for the purposes of entering into and implementing the Settlement.

e.  Rule 23(b)(3) Predominance: Under Rule 23(b)(3), a class action may be maintained if the Court finds that questions of law or fact common to the class members predominate over any questions affecting individual members.  Here, all Settlement Class Members share a common alleged legal grievance arising from the University's provision of remote education beginning in the Spring 2020 Semester, when Settlement Class Members had allegedly agreed to pay tuition and fees for in-person instruction.  Common legal and factual question, including whether the University promised to provide in-person instruction during the Sprin 2020 Semester, are central to all Settlement Class Members' claims and predominate over any individual questions that may exist.

f.  Rule 23(b)(3) Superiority: A class action is superior to many individual actions.  Members of the proposed Settlement Class received educational instruction during the Spring 2020 Semester and may not have suffered sufficient damages to justify the costs of litigation.  The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through a Cash Award.

**Notice**

5.  The Court affirms the appointment of Simpluris as Claims Administrator.

6.  In accordance with the Settlement Agreement and Preliminary Approval Order, the Claims Administrator launched the Settlement Website on September 27, 2024.

7.  Pursuant to the terms of the Settlement Agreement and the Preliminary Approval

Order, Simpluris emailed the Court-approved Notice to all valid email addresses of Settlement Class Members within thirty (30) days of receiving the Class List. Simpluris accordingly emailed the Court-approved Notice to 4,343 Settlement Class Members. Of the 4,343 Settlement Class Members with email addresses, only 16 were returned as undeliverable.

8.   Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, Simpluris mailed the Court-approved Notice to all Settlement Class Members for whom an email address was not available or email delivery was unsuccessful within thirty (30) days of receiving the Class List. Simpluris accordingly mailed the Court-approved Notice to 741 Class Members. After 27 Notices were returned as undeliverable, Simpluris successfully re-mailed the undeliverable Notices for which it could identify new addresses through skip tracing.

9.   There were no Settlement Class Members whose information was subject to a FERPA Block. As such, Catholic was not required to send Notice to any Class Member.

10. Direct notice was therefore sent to at least 99% of Settlement Class Members.

11. No Settlement Class Member has filed an objection to the Class Notice Program.

12. The Class Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Final Approval Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

13. The Court finds that the Settlement Class Members have been provided the best

notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

14. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this Action and entering into and implementing the Settlement Agreement.

**Final Approval of Settlement**

15. At the Final Approval Hearing held on January 23, 2025, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of*, inter alia*, the Settlement and the notice provided to Settlement Class Members, considering the pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class.  After thoroughly considering the briefing and arguments of the parties and considering the factors required by Rule 23 and the D.C. Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

16. Specifically, the Court determines that (a) the Settlement Class Representative and Class Counsel have adequately protected the Settlement Class, (b) the Settlement was negotiated at arm's-length, (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure, and (d) the Settlement Class Members equitably relative to each other because, all members of the proposed Settlement

Class are eligible to receive a Cash Award equally. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel and is non-collusive.

17. The Parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

18. No Settlement Class Member has filed an objection to the Settlement.

19. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class.

20. The Court has also considered Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Class Representative Award, as well as the supporting memorandum of law and declarations (ECF No. 99), and adjudges that the payment of attorneys' fees in the amount of $666,666.666 is reasonable in light of the multi-factor test used to evaluate fee awards in the D.C. Circuit. See *In re Lorazepam & Clorazepate Antitrust Litigation*, 2003 WL 22037741 at *7 (D.C. Cir. 2003). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

21. The Court also adjudges that the reimbursement of attorneys' costs and expenses in the amount of $144,808.38 is reasonable. Such payment shall be made from the Settlement Fund pursuant to and in the manner provided by the terms of the Settlement Agreement.

22. The Court further adjudges that the payment of an incentive award in the amount of $7,500 to Haley Gustavson to compensate her for her efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case.

Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

### Implementation of Settlement for Settlement Class Members

23. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

24. No amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund shall revert back to the University for its own use. Uncashed settlement checks and unsuccessful electronic payments shall be redistributed as a second distribution to Settlement Class Members who did cash their checks or successfully received electronic payment. If the expense of making a second distribution exceeds the total amount of the uncashed checks and unsuccessful payments, the remainder, if any, shall fund a mutually agreed existing scholarship fund administered by Catholic or shall be directed to a charitable cause in Catholic's discretion subject to approval by Class Counsel, which approval shall not be unreasonably withheld, and as approved by the Court.

### Exclusions From the Settlement Class

25. The Claims Administrator has not received any requests for exclusion from the Settlement Class from any Settlement Class Members.

### Releases

26. The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each and every one of the Released

Parties and their respective heirs, executors, administrators, predecessors, successors, insurers and assigns.

27. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law.

**Settlement Agreement as Exclusive Remedy for Released Claims**

28. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have res judicata and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

29. This Final Judgment and Order bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in, or causing to be filed, commenced, or prosecuted, any other lawsuit, administrative, or regulatory action, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the Released Claims or the facts and circumstances giving rise to the Action or the Released Claims, or in any way related to tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member to any Released Party, in connection with the

Spring 2020 Semester and Catholic's transition to remote instruction in response to the COVID-19 global pandemic, including without limitation all claims that were brought or could have been brought in the Action, and (b) organizing Settlement Class Members, regardless of whether or not they have been excluded from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims.

### Effect of This Judgment and Order

30. If for any reason this judgment is reversed, vacated, or materially modified on appeal or by collateral attack (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Costs or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Parties shall return to their positions without prejudice in any way as provided for in the Settlement.

### No Admission of Liability

31. The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the University or any Released Parties or of the suitability of these or similar claims to class

treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement Agreement and the Final Judgment and Order.

32. The Court dismisses the Action on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Judgment and Order on all claims, counts, and causes of action alleged in the Action by the Settlement Class Representative, on behalf of herself, the Settlement Class, or both.  In entering this Final Judgment and Order with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Judgment and Order implement and enforce its terms and limitations in their entirety.

33. The Court has and retains personal jurisdiction over the Settlement Class Representative and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto.  Without affecting the finality of this Final Judgment and Order in any way, this Court reserves jurisdiction over the University, the Settlement Class Representative, Class Counsel, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and Final Judgment and Order and for any other necessary purposes.

34. The Court authorizes the Parties, without further approval from the Court, to agree

to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Judgment and Order and (b) do not limit the rights of the Parties or Settlement Class Members.

35. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Judgment and Order as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Judgment and Order as a final order and final judgment.

36. The Court has also considered Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Class Representative Award, as well as the supporting memorandum of law and declarations (ECF No. 99), and adjudges that the payment of attorneys' fees in the amount of $666,666.666 is reasonable in light of the multi-factor test used to evaluate fee awards in the D.C. Circuit. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

37. The Court also adjudges that the reimbursement of attorneys' costs and expenses in the amount of $144,808.38 is reasonable. Such payment shall be made from the Settlement Fund pursuant to and in the manner provided by the terms of the Settlement Agreement.

38. The Court further adjudges that the payment of an incentive award in the amount of $7,500 to Haley Gustavson to compensate her for her efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

39. Except as otherwise set forth in this Order, the Parties shall bear their own costs

and attorneys' fees.

40. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

41. Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

42. This Court hereby directs entry of this Final Judgment pursuant to Federal Rules of Civil Procedure 54 and 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this _____day of _____, 2025.


_____
                                    The Honorable Dabney L. Friedrich
United States Circuit Judge