## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HALEY GUSTAVSON, individually and on behalf of all similarly situated, | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:20-cv-01496-DLF |
| THE CATHOLIC UNIVERSITY OF AMERICA, | |
| *Defendant.* | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is made as of August 22, 2024, by and among: (i) Plaintiff and Settlement Class Representative Haley Gustavson (the "Settlement Class Representative"), and (ii) Defendant The Catholic University of America ("Catholic").[1] The Settlement Class Representative and Catholic are individually each a "Party," and collectively, the "Parties." This Agreement is entered in order to effectuate a full and final settlement and dismissal with prejudice of the Released Claims, on the terms set forth in this Agreement and subject to final approval of the Court.

WHEREAS, the Settlement Class Representative asserted claims on behalf of a putative class against Catholic in connection with Catholic's temporary transition to remote instruction necessitated by the COVID-19 global pandemic and associated government orders;

WHEREAS, Catholic denies any wrongdoing in connection with its temporary transition to remote instruction;

---

[1] All terms with initial capitalizations not otherwise defined shall have the meanings set forth in the Definitions Section.

WHEREAS, the Settlement Class and Catholic desire to settle their disputes without further litigation on the terms and conditions set forth in this Agreement;

WHEREAS, in consideration of the promises and the mutual covenants set forth in this Agreement, the Settlement Class, acting by and through Class Counsel, and Catholic have agreed to the terms and conditions set forth in this Agreement.

THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party, IT IS HEREBY AGREED by the Parties, subject to Court approval, as follows:

## DEFINITIONS

As used in this Agreement, the following terms shall have the meanings specified below:

1.    **"Action"** means *Gustavson v. The Catholic University of America*, C.A. No. 1:20-cv-01496-DLF (D.D.C.), which was initially captioned *Montesano v. The Catholic University of America* when it was filed.

2.    **"Administration Expenses"** means (i) the costs, fees, and expenses incurred by the Settlement Administrator in connection with its functions as described in this Agreement; (ii) fees and expenses incurred in connection with the Escrow Account; and (iii) Taxes.

3.    **"Agreement"** means this Settlement Agreement.

4.    **"Class Counsel"** means the law firms Poulin | Willey | Anastopoulo, LLC and Douglas Boykin PLLC.

5.    **"Class List"** means the list described in Section IV.1.

6.    **"Class Representative Award"** means the payment from the Settlement Fund awarded by the Court to the Settlement Class Representative.

7.     **"Court"** means the United States District Court for the District of Columbia and/or Judge Dabney L. Friedrich.

8.     **"Day"** or **"Days"** has the meaning ascribed in Federal Rule of Civil Procedure 6. All time periods specified in this Agreement shall be computed in a manner consistent with Federal Rule of Civil Procedure 6.

9.     **"Effective Date"** means the first date after which all of the following events and conditions have been met or have occurred: (i) Class Counsel and Catholic Counsel have executed the Agreement; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has entered Final Judgment; and (iv) the Final Judgment becomes Final.

10.    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms agreed upon by all Parties at a depository insured by the Federal Deposit Insurance Corporation.

11.    **"Escrow Agent"** means the Settlement Administrator.

12.    **"Fee and Expense Award"** means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel payable from the Settlement Fund.

13.    **"FERPA"** means the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA").

14.    **"FERPA Block"** means a student or former student's exercise of their right under FERPA to prevent Catholic's disclosure of their name, mailing address, and/or email address by asking the University to keep their records with the Registrar "confidential."

15.    **"Final"** (with respect to a judgment or any other court order) means:
(i) if no appeal is taken, the expiration of the time to file a notice of appeal under the Federal

3

Rules of Appellate Procedure; or (ii) if an appeal is taken from the judgment or order: (a) the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari or otherwise; or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

16.    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Court enter Final Judgment approving the Agreement and the Court will determine the Fee and Expense Award and the Class Representative Award.

17.    **"Final Judgment"** means the final judgment and order to be entered by the Court approving the Agreement.

18.    **"Catholic Counsel"** means the law firm Crowell & Moring LLP.

19.    **"Long Form Notice"** means the Notice of Class Action Settlement and Hearing, substantially in the form of the attached Exhibit A-2.

20.    **"Net Settlement Fund"** means the Settlement Fund less any (i) Administration Expenses; (ii) Fee and Expense Award; and (iii) Class Representative Award.

21.    **"Notice"** means the notice of this Agreement that is to be sent to the Settlement Class in the manner set forth in this Agreement consistent with the requirements of due process and Federal Rule of Civil Procedure 23, and which is substantially in the form of the attached Exhibits A-1 and A-2.

22.    **"Notice and Administration Costs"** means the reasonable and authorized costs and expenses of providing notice in accordance with the Preliminary Approval and any other

4

orders of the Court, including without limitation the cost of providing Notice and all reasonable and authorized costs and expenses incurred in administering the Agreement.

23.    **"Opt-Out"** means a member of the Settlement Class who properly and timely submits a request for exclusion from the Agreement pursuant to Section V.

24.    **"Opt-Out List"** means the list compiled by the  Settlement Administrator pursuant to Section V.6.

25.    **"Opt-Out and Objection Date"** means the date prescribed by Section V.1.

26.    **"Preliminary Approval"** means the Court's order or orders certifying the Settlement Class, directing notice to the Settlement Class, and preliminarily approving this Agreement and all exhibits under Federal Rule of Civil Procedure 23, where such approval is in substantially the same form as the proposed preliminary approval order filed simultaneously with this Agreement in the form of the attached Exhibit A.

27.    **"Released Claims"** means any and all causes of action, suits, class actions, claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including without limitation all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way allegedly related to tuition, fees and/or costs paid or incurred by or on behalf of any Settlement Class Member, to any Released Party, in connection with the Spring 2020 Semester and Catholic's transition to remote instruction in response to the COVID-19 global pandemic, including without limitation all claims that were brought or could have been brought in the Action.

28.     **"Released Parties"** means Catholic and all of its present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, agents, representatives, attorneys, outside counsel, predecessors, successors, insurers, and assigns.

29.     **"Releasing Parties"** means Plaintiff, Settlement Class Members, and all of their respective present or past heirs, executors, parents, family members, lenders, funders, payors (*i.e.*, any person who paid or incurred tuition and/or fees by or on behalf of Plaintiff or any Settlement Class Member, to any Released Party, in connection with the Spring 2020 Semester), estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, trusts, limited liability companies, partnerships and corporations.

30.     **"Settlement Administrator"** means Simpluris, or such other reputable class settlement administration company or person approved by the Court to perform certain duties specified in the Agreement, including without limitation serving as Escrow Agent for the Settlement Fund, overseeing distribution of Notice, handling all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties) that may be owed on any income earned by the Settlement Fund. Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class to disclose to Class Counsel and the Settlement Administrator all information called for by the Settlement Administrator to perform its duties and functions under this Agreement, consistent with the

6

written consent provisions of the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

31.    **"Settlement Amount"** means the amount of $2,000,000 to be paid by Catholic as consideration in full and total satisfaction of Catholic's monetary obligations under this Agreement.

32.    **"Settlement Benefit"** means each Settlement Class Member's share of the Net Settlement Fund.

33.    **"Settlement Class"** means a class to be certified by the Court pursuant to this Agreement solely for the purpose of effectuating this Agreement, and defined as all students enrolled in the Spring 2020 Semester who did not withdraw by March 18, 2020, for whom any amount of tuition and/or fees was paid to Catholic from any source other than a scholarship, grant or tuition remission from Catholic, and whose tuition and/or fees have not been fully refunded by Catholic. Excluded from the Settlement Class are (i) any students who received full scholarships, grants or tuition remission from Catholic and thus did not pay any tuition or fees for the Spring 2020 Semester; (ii) the University and its officers, trustees and their family members; (iii) Class Counsel; (iv) the Judge presiding over the Action; and (v) all persons who properly execute and file a timely opt-out request to be excluded from the Settlement Class.

34.    **"Settlement Class Member"** means a person who comes within the definition of the Settlement Class. A Settlement Class Member who asks to be excluded from the Settlement pursuant to Section V below is no longer a Settlement Class Member.

35.    **"Settlement Class Representative"** means Plaintiff Hayley Gustavson.

36.    **"Settlement Fund"** means the qualified settlement fund created by Catholic's payments described in Section II and used to pay the monetary benefits to the Settlement Class

7

Members, the Fee and Expense Award the Settlement Class Representative Award and the Settlement Administrator's expenses and costs as described in this Agreement. All disbursements from the Settlement Fund shall be pursuant to the terms and conditions set out in this Agreement or pursuant to the Court's order.

37.    **"Settlement Website"** means the website established by the Settlement Administrator to aid in administering the Agreement.

38.    **"Short Form Notice"** means the notice substantially in the form of the attached Exhibit A-1.

39.    **"Spring 2020 Semester"** means the Spring 2020 academic semester at Catholic that began on January 13, 2020 and ended on May 4, 2020.

40.    **"Taxes"** means (i) all federal, state and/or local taxes of any kind (including any interest or penalties) on any income earned by the Settlement Fund; (ii) the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including without limitation the reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

41.    **"Uncashed Settlement Checks"** means any checks sent to Settlement Class Members that remain uncashed after a period of one hundred and eighty (180) days from the date of distribution of checks to Settlement Class Members.

42.    **"Unsuccessful Electronic Payments"** means any electronic payments via Venmo or PayPal that are not successfully received by a Settlement Class Member after a period of one hundred and eighty (180) days from the date the electronic payment to the Settlement Class Member was initiated.

8

43.     Other capitalized terms in this Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Agreement.

44.     The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

## I.     SETTLEMENT CLASS CERTIFICATION

1.     Catholic agrees that, solely for the purposes of this Agreement and its implementation, it will not oppose certification of a Settlement Class as described in this Agreement. Settlement Class Members and Class Counsel agree that they will not otherwise use, suggest or offer for any purpose the fact that Catholic did not oppose certification of the Settlement Class solely for purposes of this Agreement, including without limitation in the event that this Agreement is not consummated and finally approved.

2.     Based on an analysis of the facts and the law and considering the burden and expense of litigation, Class Counsel have concluded that this Agreement provides benefits to the Settlement Class Members and is fair, adequate, reasonable, and in the best interest of the Settlement Class Members. The Parties and Class Counsel agree to recommend approval of this Agreement by the Court, and to support approval of this Agreement as fair, adequate, and reasonable. Class Counsel further agree to undertake their best efforts, including all reasonable and proper steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Agreement, to secure the Court's approval, and to oppose any appeals from or challenges to the Final Approval.

## II.     SETTLEMENT RELIEF

1.     Within thirty (30) days after Final Judgment, Catholic shall pay into the Escrow Account the Settlement Amount, less any costs of Notice and Administration Costs that Catholic

already remitted by then to the Settlement Administrator related to effectuating Notice pursuant to Section IV.

2.      Catholic's payment of the Settlement Amount shall be in full and total satisfaction of Catholic's monetary obligations in this Agreement. Catholic shall in no event be obligated to contribute any amounts, or make any payments, in excess of the Settlement Amount under any circumstances.

3.      The Net Settlement Fund will be divided equally among Settlement Class Members so that each receives an equal payment. The equal payment for each Settlement Class Member will be calculated by dividing the Net Settlement Fund by the number of Settlement Class Members who do not ask to be excluded from the Settlement pursuant to Section V. Amounts that otherwise would be distributed to Settlement Class Members who properly execute and file a timely opt-out request to be excluded from the Settlement Class pursuant to Section V will instead be totaled and distributed equally among all participating Settlement Class Members.

4.      Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member upon the Settlement Administrator's determination of entitlement, with no further action required by that Settlement Class Member to receive the Settlement Benefit.

5.      Unless the Settlement Class Member takes one of the actions described in this paragraph below, the Settlement Administrator will send the Settlement Benefit to each Settlement Class Member by check mailed by regular mail to the Settlement Class Member's last known mailing address on file with Catholic's Registrar. The Settlement Administrator will provide a form on the Settlement Website that Settlement Class Members may use to (i) provide an updated address for receipt of their check; or (ii) elect to receive the Settlement Benefit by

10

Venmo or PayPal instead of a paper check. Settlement Class Members wishing to receive payment by alternate means (i) or (ii) of this paragraph must provide the required updated address or election no later than forty-five (45) days after the Effective Date.

6.      The Settlement Administrator will send the Settlement Benefit to Settlement Class Members within sixty (60) days of the Effective Date.

7.      At the discretion of the Settlement Administrator, Uncashed Settlement Checks and Unsuccessful Electronic Payments either (i) shall be redistributed as a second distribution to Settlement Class Members who did cash their checks or successfully received their electronic payments; or (ii) if the expense of making a second distribution is more than the total amount of the Uncashed Settlement Checks and Unsuccessful Electronic Payments, the total amount of the Uncashed Settlement Checks and Unsuccessful Electronic Payments, as well as any other amounts in excess of the payments and reimbursements set forth in this Agreement, shall fund a mutually agreed existing scholarship fund administered by Catholic or shall be directed to a charitable cause in Catholic's discretion subject to approval by Class Counsel, which approval shall not be unreasonably withheld, and as approved by the Court..

## III.     RELEASE AND COVENANT NOT TO SUE

1.      Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each and every one of the Released Parties and their respective heirs, executors, administrators, predecessors, successors, insurers and assigns.

2.      With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Final

Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law. Section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or the releasing party.

3.     The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other right, remedy, or relief of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that were brought or could have been brought in the Action without regard to subsequent discovery or the existence of different or additional facts.

4.     Settlement Class Members shall not commence, prosecute, or cause to be commenced or prosecuted, any action or other proceedings against any Released Parties, or with regard to the asserted conduct of any Released Parties, based upon any Released Claims. If any Settlement Class Member has assigned, sold, or otherwise transferred any Released Claims of any kind, then said transferee is bound to this Settlement.

## IV.    CLASS NOTICE

1.  Within thirty (30) days of the execution of this Agreement, Catholic will provide the Settlement Administrator a list from then-available records of Catholic's Registrar that includes, where available, the names and last known email and postal addresses of each Settlement Class Member (the "Class List").[2] The Class List will be provided to the Settlement Administrator for the sole purpose of the Settlement Administrator performing its obligations pursuant to the Agreement, and shall not be used by any individual or entity other than Catholic for any other purpose at any time.

2.  Within thirty (30) days of entry of the Preliminary Approval, or such other time period as the Court orders, the Settlement Administrator shall send the Short Form Notice by email to persons listed on the Class List. If an email address is not available for a Settlement Class Member, the Settlement Administrator shall send the Short Form Notice within the same timeframe by regular mail to the Settlement Class Member's last known mailing address.

3.  The Short Form Notice shall advise Settlement Class Members of their rights under the Agreement, including the right to be excluded from and to object to the Agreement. The Short Form Notice shall also inform Settlement Class Members that they can access the Long Form Notice on the Settlement Website, which Long Form Notice shall advise the Settlement Class Members of the procedure for requesting exclusion from the Agreement pursuant to Section V and for objecting to the Agreement pursuant to Section VI.

---

[2] Consistent with the requirements of FERPA and Catholic's policies, Catholic may disclose directory information to the Settlement Administrator. *See* 34 C.F.R. § 99.37. Moreover, any order granting preliminary or final approval of the Settlement shall constitute a judicial order within the meaning of FERPA, *see* 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of Catholic's intention to comply with that order, *see* 34 C.F.R. § 99.31(a)(9)(ii). The Class List shall not include information subject to an unrescinded FERPA Block. Catholic shall send Notice to members of the Settlement Class whose name, mailing address, and/or email address are subject to a FERPA Block.

4.      No later than ten (10) days after entry of the Preliminary Approval, and before issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website. The Settlement Website will enable Settlement Class Members to provide an updated mailing address to receive a paper check or to elect to receive their Settlement Benefit via Venmo or PayPal. The Settlement Website shall at a minimum include, in downloadable format, (i) the Long Form Notice; (ii) the Preliminary Approval; (iii) the Agreement, including all of its exhibits; and (iv) any other materials agreed upon by the Parties and/or required by the Court.

5.      The Notice described in the preceding paragraph 4 shall advise Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Agreement or any of its terms, or file a motion to intervene. The Notice shall specify that any objection to the Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Opt-Out and Objection Date approved by the Court and specified in the Notice, the Settlement Class Member making the objection (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, files the objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system) to Class Counsel and Catholic Counsel.

6.      If the Notice described in the preceding paragraph 4 does not achieve a minimum level of 80% reach, or is not approved by the Court as complying with all Due Process requirements, the Parties, in conjunction with the Settlement Administrator, shall develop and seek approval by the Court of such supplemental notice as is necessary to achieve a minimum level of 80% reach or satisfy the Court that all Due Process requirements are satisfied. Such

14

additional notice, if necessary, shall be funded from the Settlement Fund with no additional financial contribution by Catholic.

7.     Notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, will be provided to the appropriate federal and state officials by the Settlement Administrator on behalf of Catholic.

8.     Prior to the Final Approval Hearing, in connection with the motion for final approval of the Agreement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval concerning the distribution of the Short Form Notice to the Settlement Class.

## V.     REQUESTS FOR EXCLUSION

1.     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator to the address provided in the Long Form Notice, postmarked no later than ninety-five (95) days after entry of the Preliminary Approval (the "Opt-Out and Objection Date"), which date shall be included in both the Long Form Notice and Short Form Notice.

2.     A written request for exclusion must:

   (a)     include a statement requesting exclusion from the Settlement Class;

   (b)     be personally signed by the Settlement Class Member; and

   (c)     include the Settlement Class Member's name, address, telephone number, and email address, and the caption of the Action.

3.     A request to be excluded from the Settlement Class shall be invalid if it does not include all information specified in this Section V, and/or is sent to an address other than that designated in the Long Form Notice, and/or is not postmarked within the time specified in the

preceding paragraph 1. Those submitting invalid requests for exclusion shall be deemed to remain in the Settlement Class and shall be bound as Settlement Class Members by the Agreement provided the Agreement is approved by the Court.

4.      Any Settlement Class Member who validly elects to be excluded from the Settlement Class per this Section shall not be bound by the Final Judgment, not be entitled to relief under the Agreement, not gain any rights by virtue of the Agreement, and not be permitted to object to any aspect of the Agreement.

5.      A request to be excluded from the Settlement Class must be personal to the requesting individual. No Settlement Class Member may exclude other Settlement Class Members from the Settlement Class.

6.      A Settlement Class Member is not entitled to submit both an opt-out request and an objection. If a Settlement Class Member submits both an opt-out request and an objection, the Settlement Administrator will send the Settlement Class Member a letter (and an email, if an email address is available) explaining that the Settlement Class Member may not submit both an opt-out request and an objection, and asking the Settlement Class Member to make a final decision as to whether to opt out of or object to the Agreement, and inform the Settlement Administrator of that decision within ten (10) days from when the letter from the Settlement Administrator is postmarked. If the Settlement Class Member does not respond to that communication by letter postmarked or email sent within ten 10 days after the Settlement Administrator's letter was postmarked (or by the Opt-Out and Objection Date, whichever is later), the Settlement Class Member will be treated as having opted out of the Agreement, and the objection will not be considered, subject to the Court's discretion.

7.      The Settlement Administrator, within seven (7) days following the Opt-Out and Objection Date, shall prepare and provide copies of the Opt-Out List to Class Counsel and Catholic Counsel.

8.      Catholic has the right in its sole discretion to audit the exclusion process for accuracy of submission, error, and otherwise. The Court will be the final arbiter of an exclusion's validity.

## VI.     OBJECTIONS BY SETTLEMENT CLASS MEMBERS

1.      Any Settlement Class Member may object to the Settlement, the Fee and Expense Award and/or the Class Representative Award.

2.      Any Settlement Class Member wishing to object must file a written objection with the Clerk of Court, or through the Court's electronic case filing system if the objection is from a Settlement Class Member represented by counsel, such that the objection is postmarked no later than the Opt-Out and Objection Date, with a copy sent concurrently by mail, hand, or overnight delivery service to Class Counsel and Catholic Counsel at the addresses set forth in Section XIII.13.

3.      The written objection must:

(a)      state that the person objecting is a Settlement Class Member;

(b)      include the objector's name, address, email, and telephone number;

(c)      be personally signed by the objector;

(d)      contain a statement that identifies the substance of all objections, provides whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and provides the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon);

17

(e)    the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

(f)    include a statement whether the objector intends to appear and seek to be heard at the Final Approval Hearing, with or without counsel; and

(g)    If an objector or the objector's attorney has objected to any other class action settlement where the objector or the objector's attorney asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification of the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

4.    Any Settlement Class Member who does not file a timely and valid written objection with the Court, and/or a timely and valid notice of their intent to appear at the Final Approval Hearing in accordance with this Section VI and as detailed in the Long Form Notice, shall not be permitted to object to the Settlement Amount, the Fee and Expense Award, and/or the Class Representative Award at the Final Approval Hearing; shall be foreclosed from seeking any Court review of the Agreement, the Class Representative Award, and/or the Fee and Expense Award by appeal or other means; and shall be deemed to have waived any objections and be forever barred from making any such objections in the Action or any other related action or proceeding. Settlement Class Members who file objections are still entitled to receive benefits under the Agreement and are bound by the Agreement if it is approved.

## VII.    SETTLEMENT ADMINISTRATOR

1.    The Settlement Administrator shall administer the Agreement under the supervision of the Court.

18

2. The Settlement Administrator shall:

    (a) send Short Form Notice to the Settlement Class Members;

    (b) establish the Settlement Website;

    (c) serve as Escrow Agent for the Settlement Fund;

    (d) send Class Counsel and Catholic Counsel all documents and other materials received in connection with the administration of the Settlement promptly upon receipt;

    (e) receive requests for exclusion, objections, and other requests from the Settlement Class Members and promptly provide a copy of such requests to Class Counsel and Catholic Counsel upon receipt, including any requests received after the Opt-Out and Objection Date;

    (f) provide at least weekly reports to Class Counsel and Catholic Counsel, including without limitation reports regarding any requests for exclusion received;

    (g) make available for inspection by Class Counsel and Catholic Counsel all documentation related to the Settlement submitted to the Settlement Administrator, and any correspondence related to the Agreement sent or received by the Settlement Administrator, at any time upon reasonable notice;

    (h) provide reports and other information to the Court as the Court may require; and

    (i) undertake other administrative tasks in furtherance of this Agreement in a rational, responsive, cost effective, and timely manner.

3. In the exercise of its duties specified in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel, Catholic Counsel, or any Settlement Class Member.

4.      The Settlement Administrator shall maintain in confidence the Class List and the identity and mailing addresses of the Settlement Class Members. The Parties agree that this information may not be used by the Settlement Administrator for any purpose other than effectuating the terms of the Agreement or the duties or obligations arising under this Agreement.

5.      The Settlement Administrator shall maintain detailed records of its activities under the Agreement, including all such records as are required by applicable law, in accordance with its normal business practices, which will be made available to Class Counsel and Catholic Counsel upon request. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator pursuant to this Agreement.

6.      Catholic, the Released Parties, and Catholic Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Agreement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) allocation of the Settlement Fund to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; and/or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

## VIII.  PRELIMINARY APPROVAL AND FINAL JUDGMENT

1.      No later than fourteen (14) days after execution of the Agreement, in coordination with Catholic Counsel, Class Counsel will move for preliminary approval of the Agreement,

20

provisional certification of the Settlement Class for settlement purposes only, appointment of Plaintiff as Settlement Class Representative, appointment of Class Counsel as counsel for the Settlement Class, and the scheduling of the Final Approval Hearing. Concurrently with their filing of the motion for preliminary approval, Class Counsel shall apply to the Court for, and Catholic shall agree to, entry of the proposed Preliminary Approval, substantially in the form of the attached Exhibit A.

2.      Concurrently with submission to the Court of the Agreement pursuant to this Section, Class Counsel shall request that the Court hold a Final Approval Hearing, which shall be held no less than ninety (90) days after the Short Form Notice is disseminated, unless the Court orders otherwise.

3.      After the Short Form Notice is disseminated, and no later than ten (10) days before the Final Approval Hearing, Class Counsel, in coordination with Catholic Counsel, shall request and seek to obtain from the Court a Final Judgment which will, among other things:

(a)      approve the Agreement as fair, reasonable, and adequate to the Settlement Class, and direct consummation of the Agreement in accordance with the terms and provisions of the Agreement;

(b)      certify the Settlement Class or reaffirm such certification if the Settlement Class was certified in the Preliminary Approval Order, and approve or reaffirm the appointment of Class Counsel, the Settlement Class Representative and the Settlement Administrator;

(c)      fully and finally dismiss the Action with prejudice, and without costs (except as may be provided in this Agreement) to any Party as against any other;

(d)      incorporate the releases set forth above, make the releases effective as of the Effective Date, and forever discharge the Released Parties as set forth in this Agreement;

21

(e)     approve the manner of distribution of the Net Settlement Fund and order that payments be made to Settlement Class Members only in accordance with this Agreement;

(f)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating in any lawsuit or other action in any jurisdiction relating to or concerning the Released Claims;

(g)     award Class Counsel from out of the Settlement Fund such Fee and Expenses as the Court may allow;

(h)     award the Settlement Class Representative from out of the Settlement Fund such Class Representative Award as the Court may allow; and

(i)     reserve jurisdiction in the Court over: (i) implementation of the Agreement and any distribution to Settlement Class Members; (ii) disposition of the Settlement Fund; (iii) the Action, until each and every act agreed to be performed pursuant to the Agreement shall have been performed; and (iv) the Parties, for the purpose of enforcing and administering the Agreement.

## IX.    USE OF SETTLEMENT FUND

1.      The Settlement Fund shall be used to pay: (i) any Administration Expenses reasonably incurred by the Settlement Administrator in carrying out the duties specified in the Agreement; (ii) any Fee and Expense Award granted by the Court; and (iii) any Class Representative Award granted by the Court. Funds remaining in the Settlement Fund after the payments enumerated above shall be deemed "the Net Settlement Fund," and shall be distributed to Settlement Class Members according to Section II.3.

2.      The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed as provided for in this Agreement.

3.      The Settlement Fund shall be under the control of the Settlement Administrator and its agents, on behalf of the Settlement Class Representative, the Settlement Class, and Catholic. The Settlement Administrator and its agents shall cause the Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. The Settlement Administrator shall cause all interest on the Settlement Fund to be collected and reinvested. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held in the Settlement Fund may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held in the Settlement Fund may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Settlement Administrator and its agents. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

4.      The costs of administering and maintaining the Settlement Fund shall be paid from the Settlement Amount, and any and all interest generated by the Settlement Fund shall be added to the Settlement Amount.

23

5.     The Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Settlement Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Parties shall not have any liability or responsibility for any such Taxes. Upon written request, Catholic will provide to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

6.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement. The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator with respect to the payment of Taxes.

24

7.      This Agreement is not a claims-made settlement. As of the Effective Date, all rights of Catholic in or to the Settlement Fund shall be extinguished except as otherwise provided by this Agreement.

8.      Prior to the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; or (b) as provided in the Agreement. Prior to the Effective Date, Catholic shall pay the Settlement Administrator any Administration Expenses actually incurred and paid or payable, which shall not exceed $150,000. If, prior to the Effective Date, Administration Expenses exceed $150,000, such additional amounts shall be paid by Catholic only upon and after approval by both Class Counsel and Catholic Counsel, which approval shall not be unreasonably withheld. Any such payments to the Settlement Administrator for Administration Expenses shall reduce the amount to be paid by Catholic into the Escrow Account pursuant to Section II.1. After the Effective Date, the Settlement Administrator may pay from the Settlement Fund any additional, unpaid Administration Expenses only after approval by both Class Counsel and Catholic Counsel. The Released Parties are not responsible for, and shall not be liable for, any Administration Expenses.

9.      If the Effective Date does not occur, or if the Agreement is voided, terminated, or cancelled, the Settlement Class Representative and Class Counsel shall have no obligation to repay any of the Administration Expenses that have been paid or reasonably incurred. Any amounts remaining in the Net Settlement Fund, including all interest earned on the Net Settlement Fund, shall be returned to Catholic. No other person or entity shall have any further claim whatsoever to such amounts.

10.     Payment pursuant to the Final Judgment shall be final and conclusive as to and against all Settlement Class Members. All Settlement Class Members who have not opted out of

25

the Settlement Class shall be bound by all terms of the Agreement, including the Final Judgment, and will be permanently barred and enjoined from bringing any action against the Released Parties with respect to any and all Released Claims.

11.    No person or entity shall have any claim or cause of action against the Settlement Class Representative, Class Counsel, Catholic, Catholic Counsel, the Settlement Administrator, or any other agent designated by Class Counsel arising from distributions made substantially in accordance with the Agreement, the manner of distribution of the Net Settlement Fund as approved by the Court, or any order of the Court.

12.    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to distribution of the Net Settlement Fund, the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, the Settlement Administrator, Administration Expenses, or any losses incurred in connection with the foregoing. No person, including the Settlement Class Representative, Settlement Class Members, or Class Counsel, shall have any claim of any kind against the Released Parties with respect to the matters set forth in this paragraph.

## X.    ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE AWARD

1.    The Parties agreed to all substantive terms of this Agreement prior to reaching any agreement concerning a Fee and Expense Award.

2.    No later than fourteen (14) days prior to the Opt-Out and Objection Date, Class Counsel will apply to the Court for an award of attorneys' fees to be paid from the Settlement Fund, not to exceed 33.33% of the Settlement Fund, as well as reimbursement of litigation expenses incurred through the date of the application, plus a reasonable estimate of additional expenses likely to be incurred through the Effective Date ("Fee and Expense Award").

3.    Class Counsel's fee and expense petition shall comply in all respects with the requirements of Federal Rule of Civil Procedure 23(h).

4.    The amount of the Fee and Expense Award shall be determined by the Court based on the petition from Class Counsel. Class Counsel has agreed, with no consideration from Catholic, to limit their request for attorneys' fees to no more than 33.33% of the Settlement Fund. Payment of the Fee and Expense Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this paragraph shall remain in the Settlement Fund. The Parties agree that any award of attorneys' fees and expenses is committed to the sole discretion of the Court within the limitations set forth in this paragraph.

5.    The Fee and Expense Award shall be paid to Class Counsel from out of the Settlement Fund within thirty (30) days after entry of Final Judgment, subject to paragraph 8 below.

6.    Upon payment of the Fee and Expense Award, Class Counsel shall release and forever discharge the Released Parties from any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees, costs, or expenses incurred in the Action. Class Counsel agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

7.    The Settlement Class Representative may seek, and the Court may award, a reasonable Class Representative Award for her service in the case not to exceed Seven Thousand and Five Hundred Dollars ($7,500), which award shall be paid from the Settlement Fund. This

27

shall be in addition to any Settlement Benefit that Settlement Class Representative may receive as a Settlement Class Member. If the Court approves a request for a Class Representative Award, the Settlement Administrator will distribute the Class Representative Award to the Settlement Class Representative along with her Settlement Benefit no later than sixty (60) days after the Effective Date.

8.    In the event that the Fee and Expense Award is vacated, modified, reversed, or rendered void as the result of any appeal, further proceedings on remand, or successful collateral attack, Class Counsel shall repay to the Settlement Fund the amount of the Fee and Expense Award reversed, vacated, or modified, including any accrued interest. Class Counsel shall make the appropriate refund or repayment in full no later than twenty-one (21) days after: (a) receiving from Catholic Counsel notice of the termination of the Agreement; or (b) any order reversing or modifying the Final Judgment, vacating the Final Judgment, or reducing or reversing the Fee and Expense Award has become Final.

9.    The granting by the Court of any Fee and Expense Award or Class Representative Award is not a necessary term of the Agreement, and it is not a condition of the Agreement that any particular Fee and Expense Award or Class Representative Award be approved by the Court. Class Counsel and the Settlement Class Representative may not cancel or terminate the Agreement based on this Court's or any appellate court's ruling with respect to any Fee and Expense Award or Class Representative Award. Any order or proceeding relating to any Fee and Expense Award or Class Representative Award, or any appeal from any such order, shall not operate to terminate or cancel the Agreement. However, distribution of all or a portion of the Settlement Fund may be delayed in the event of an appeal concerning any Fee and Expense Award or Class Representative Award.

28

## XI.    NO ADMISSION OF WRONGDOING

1.      Neither the Agreement, nor any document referred to in this Agreement, nor any action taken to carry out the Agreement, is, may be construed as, or may be used as an admission by or against Catholic or any of the Released Parties of any fault, wrongdoing, or liability whatsoever.

2.      Pursuant to Federal Rule of Evidence 408, entering into or carrying out the Agreement, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by Catholic, and shall not be offered or received into evidence in any action or proceeding against the Released Parties in any court or before any administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Agreement or the provisions of any related agreement or exhibit hereto.

## XII.    TERMINATION

1.      If the Court or any appellate court enters a final, non-appealable order altering this Agreement in a way that materially and adversely affects the Settlement Class or Catholic, the affected Party may void the Agreement within ten (10) business days from the date that such order becomes final and non-appealable by giving written notice of intent to the other Parties and the Court to void the Agreement as provided in this Agreement. Notwithstanding the above, the Court's entry of Fee and Expense Award (as described in Section X) for an amount other than requested by Class Counsel shall not be grounds to void the Agreement. The only remedy in the event of a Fee and Expense Award below the amount requested shall be a separate appeal by Class Counsel of the attorneys' fees or expenses award provided by the Court, and such appeal shall be severable from Final Judgment as to the Settlement Class.

2.      Catholic shall have the absolute right, in its sole discretion, to terminate this Agreement if Fifty (50) or more Settlement Class Members file valid Opt-Out Requests. To terminate this Agreement, Catholic must provide notice of termination of this Agreement in the manner provided in this Agreement within ten (10) days after receipt of the final Opt-Out list as described in Section V.6. Should Catholic exercise the right to terminate the Settlement Agreement, the Settlement Agreement shall be terminated in accordance with Section XII.2 of the Settlement Agreement. The Parties agree that Catholic's right to terminate and withdraw from the Settlement Agreement is a material term of the Settlement Agreement.

3.      The Parties agree that if final approval of the Agreement is not achieved, or the Agreement is terminated and voided, the Agreement and all proceedings had in connection with the Agreement shall be without prejudice to the *status quo ante* rights of the Parties, and the Parties further agree to jointly move the Court to vacate all orders issued pursuant to the Agreement and to vacate certification of the Settlement Class.

## XIII.  MISCELLANEOUS PROVISIONS

1.      The Agreement will be executed by Class Counsel and Catholic Counsel on behalf of the Parties. All counsel executing the Agreement represent and warrant that they are authorized and empowered to execute the Agreement on behalf of their clients, and that the signature of such counsel is intended to and does legally bind the clients of such counsel.

2.      Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms. Class Counsel also are authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Class that they deem appropriate.

3.      All of the exhibits attached to this Agreement are hereby incorporated by this reference as though fully set forth in the Agreement. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of the Agreement and the terms of any exhibit, the terms of the Agreement shall prevail.

4.      The Agreement may be amended or modified only by a written instrument signed by or on behalf of the Settlement Class Representative and Catholic or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

5.      The waiver by one Party of any breach of the Agreement by any other Party shall not be deemed a waiver by that Party or by any other Party to the Agreement, of any prior or subsequent breach of the Agreement.

6.      The headings in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

7.      The Agreement and its exhibits constitute the entire agreement among the Parties, and no other agreements, representations, warranties, or inducements have been made to any Party concerning the Agreement or its exhibits other than those contained and memorialized in such documents.

8.      The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals or facsimile or pdf copies.

9.      The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Agreement.

31

10.     The construction, interpretation, operation, effect, and validity of the Agreement and its exhibits shall be governed by and interpreted according to the laws of the District of Columbia, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

11.     Any action arising under or to enforce the Agreement or any portion of the Agreement shall be commenced and maintained only in this Court.

12.     The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment, and to effectuate the Agreement. Any such actions taken by the Parties, and any actions taken by the Parties to comply with the Agreement, will be in accordance with federal, state, and/or local law, including but not limited to FERPA.

13.     If any Party is required to give notice to another Party under the Agreement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to the Settlement Class Representative
or Class Counsel:                       **POULIN | WILLEY |**
                                        **ANASTOPOULO, LLC**
                                        Attn: Paul J. Doolittle
                                        32 Ann Street
                                        Charleston, SC 29403
                                        Email: pauld@akimlawfirm.com

If to Catholic:                         **CROWELL & MORING LLP**
                                        Attn: Tracy A. Roman
                                        1001 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20004-2595
                                        Email: troman@crowell.com

14.     The Parties intend the Agreement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Representative and any

32

other Settlement Class Member against the Released Parties with respect to the Released Claims. Accordingly, Settlement Class Representative and her counsel, and Catholic and Catholic Counsel, agree not to assert in any forum that this Action was brought or defended in bad faith or without a reasonable basis. The Parties agree that the amounts paid and the other terms of the Agreement were negotiated at arm's length and in good faith by the Parties, and reflect agreement that was reached voluntarily after extensive negotiations with the aid of a neutral mediator and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

15.    The Parties are not precluded from making statements or responding to press or other inquiries about the settlement and this Agreement, so long as all statements are consistent with the terms of the Agreement. Class Counsel are permitted, in connection with their law firm websites, biographies, brochures, and firm marketing materials, future declarations regarding counsel's experience, and/or in speaker biographies, to state that it served as counsel in this Action and to communicate basic facts about the settlement and this Agreement, including the Settlement Fund amount.

16.    All persons involved in the settlement will be required to keep confidential any personal identifying information of Settlement Class Members, and any otherwise nonpublic financial information of Catholic. Any documents or nonpublic information provided by Catholic to Class Counsel must be destroyed within thirty (30) days of the Settlement Administrator completing the issuance of all settlement payments, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

17.     Catholic may communicate with Settlement Class Members in the ordinary course of its operations. Catholic will refer inquiries regarding this Agreement and administration of the settlement to the Settlement Administrator or Class Counsel.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed, by themselves or their duly authorized attorneys, as of the date stated below.

DATED: August ___, 2024.

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: 27/08/2024 _____

**HAYLEY GUSTAVSON**

**Signature:** _Hayley Gustavson (Aug 27, 2024 12:10 EDT)_

By: _____

Hayley Gustavson, individually and as representative of the Class

Dated: August 22, 2024 _____

**THE CATHOLIC UNIVERSITY OF AMERICA**

By: _Robert M. Specter_

Title: _Executive Vice President_

**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**

Dated:   08/27/2024 _____

**POULIN | WILLEY | ANASTOPOULO, LLC**

By: _____

Eric M. Poulin
Roy T. Willey, IV
Paul J. Doolittle
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Email: eric@poulinwilley.com
roy@poulinwilley.com
paul.doolittle@poulinwilley.com

34

Dated: 8/27/24

**DOUGLAS & BOYKIN PLLC**

By:

Curtis A. Boykin, Esq
1850 M Street, NW, Ste. 640
Washington, DC 20036-5836
Telephone: (202) 776-0370
Email: caboykin@douglasboykin.com