IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| HALEY GUSTAVSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CATHOLIC UNIVERSITY OF AMERICA,<br><br>*Defendant*. | Civil Action No. 20-cv-01496 |

**DECLARATION OF PAUL DOOLITTLE IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Paul J. Doolittle, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Poulin Willey Anastopoulo, LLC, counsel of record for Plaintiff in this action. I am an attorney at law licensed to practice in the State of South Carolina, and I have been admitted to appear in this matter pro hac vice. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement filed herewith.

3. Attached hereto as Exhibit A is a true and correct copy of the Parties' Class Action Settlement Agreement.

4. Both before and throughout this litigation, Class Counsel has conducted a full and thorough investigation of this matter, which included consulting with experts, analyzing the strengths and weaknesses of the potential legal claims under District of Columbia law, and reviewing outward-facing materials on Defendant's website and various materials provided by Plaintiff.

5. On June 8, 2020, Plaintiff Danielle Montesano filed a putative class action on behalf of all people who paid tuition and/or fees for the Spring 2020 semester at The Catholic University of America. ECF No. 1.

6. In response to the Complaint, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16.

7. On August 31, 2020, Plaintiff Montesano filed an Amended Complaint. ECF No. 17.

8. On September 18, 2020, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 20.

9. On October 9, 2020, Plaintiff Montesano filed her Memorandum in Opposition to Defendant's Motion to Dismiss. ECF No. 21.

10. On May 11, 2021, the Court held a hearing at the United States District Court for the District of Columbia on Defendant's Motion to Dismiss.

11. On July 9, 2021, the Court denied Defendant's Motion to Dismiss. ECF No. 39.

12. On July 23, 2021, the Defendant filed its Motion for Certification for Interlocutory Appeal regarding the Court's Order denying the Motion to Dismiss. ECF No. 41.

13. On August 6, 2021, Plaintiff Montesano filed her Memorandum in Opposition to Defendant's Motion for Certification for Interlocutory Appeal. ECF No. 43.

14. On September 3, 2021, the Court granted Catholic's Motion for Certification of Interlocutory Appeal and Motion to Stay the Case Pending Appeal. ECF No. 45

15. On November 17, 2021, the D.C. Circuit denied Catholic's Petition for Leave to File An Interlocutory Appeal. ECF No. 46.

16. On May 24, 2022, Catholic filed a Partial Motion to Dismiss the Amended Class Action Complaint and its Answer to Plaintiff's Amended Class Action Complaint. ECF Nos. 51 and 52.

17. Plaintiff Montesano filed her Response to the Partial Motion to Dismiss on June 14, 2022. ECF No. 57.

18. In a June 22, 2022 text-only Order, the Court denied the Catholic's Partial Motion to Dismiss.

19. On August 24, 2022, Catholic filed a Motion for Judgment on the Pleadings. ECF No. 64.

20. Plaintiff Montesano filed her Response to Defendant's Motion for Judgment on the Pleadings on September 28, 2022. ECF No. 67.

21. The Court denied Catholic's Motion for Judgment on the Pleadings on October 26, 2022. ECF No. 69.

22. The parties began conducting discovery during the summer of 2022. Catholic responded to interrogatories, document requests, and requests for admission, and produced a significant volume of documents (over 44,000 pages in total), including documents relating to its transition to remote instruction during the Spring 2020 semester and the financial impact of the COVID-19 pandemic on Catholic, as well as documents relating to Plaintiff Montesano.

23. On May 23, 2023, Plaintiff Montesano filed a Motion for Leave to File Amended Complaint and Motion to Substitute Plaintiff Haley Gustavson for Plaintiff Montesano. ECF No. 74.

24. Catholic filed its Response in Opposition to this Motion on June 9, 2023. ECF No. 77.

25. On August 10, 2023, in a text-only Order, the Court granted Plaintiff Montesano's Motion for Leave to File Amended Complaint and Motion to Substitute Plaintiff.

26. On August 10, 2023, Plaintiff Gustavson filed her Second Amended Class Action Complaint. ECF No. 78.

27. Catholic filed its Answer to Second Amended Class Action Complaint on August 24, 2023. ECF No. 80.

28. Ultimately, after litigating Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings, which were denied by the Court, and engaging in discovery, the Parties agreed to multiple stays in the instant litigation for the purposes of negotiating a settlement.

29. The Parties exchanged information necessary to evaluate the case, including the total out-of-pocket amount paid for in-person tuition and fees for the Spring Semester 2020 as well as airing their respective legal arguments and theories on potential damages. Defendant also provided extensive financial records detailing tuition and fees collected for the Spring Semester 2020. Plaintiff's counsel also spoke with experts concerning the strengths and weakness of the case, as well as the strengths and weaknesses of Defendant's arguments and defenses. Accordingly, the Parties were able to sufficiently assess the strengths and weaknesses of their cases before undergoing settlement discussions.

30. After several months of negotiations and other extensive communications. Plaintiffs and Defendant reached an agreement that creates a $2,000,000.00 settlement fund, which will be used to pay all approved claims by class members, notice and administration expenses, a Court-approved class representative award to Plaintiff, and attorneys' fees and costs to Class Counsel, to the extent awarded by the Court.  Each class member will receive an equal cash payment from the settlement proceeds.

31. On August 29, 2024, the Plaintiff filed her Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement.  ECF No. 95.

32. On September 19, 2024, the Court entered its Order granting preliminary approval of the class action settlement.  ECF No. 98.

33. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

35. In exchange for the relief described above, the obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released

Claims, as against all Released Parties. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

36. Plaintiff and Class Counsel recognize that despite their belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

37. Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case, including Defendant's potential motions for summary judgment and motions to strike Plaintiffs' experts, and opposition to Plaintiff's class certification motion, could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they are prepared to continue their vigorous defense of this case.

38. Plaintiff and Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

39. Since the Court granted preliminary approval, my firm has worked with the Settlement Administrator, Simpluris, to carry out the Court-ordered notice plan. Specifically, my firm drafted the contents of the notice forms, and reviewed and tested the Settlement website before it launched live. As detailed in the accompanying Declaration of Shelby Alvey Regarding Notice and Settlement Administration ("Alvey Decl."), the Court-ordered Notice Plan has been carried out in its entirety, and direct notice was sent via email or First Class U.S. Mail to 5,070 Class Members in the Settlement Class.[1] Alvey Decl., ¶¶ 7-11.

---

[1] Of the Notices emailed to Settlement Class Members, 16 were undeliverable. Alvey Decl. ¶ 9. Of the Notices mailed to Settlement Class Members, 7 were returned as undeliverable. Alvey Decl. ¶ 11.

40. Class Notice has been provided to the Settlement Class Members in accordance with the requirements of Rule 23(c)(2)(B) and the Preliminary Approval Order. The Notice gave Settlement Class Members the ability to opt via an Election Form to receive a Cash Award by Check, Venmo, or PayPal. In the event a Settlement Class Member did not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address. Further, the approved Notice advised the Settlement Class of the Settlement Class definition, the essential terms of the settlement, the proposed attorneys' fees award and class representative award, and it also advised Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.

41. Pursuant to the Preliminary Approval Order (ECF No. 98), the deadline to optout of the Settlement was December 23, 2024. As detailed in the Alvey Declaration, there were no requests for exclusion from the Settlement. Alvey Decl., ¶ 15-17.

42. Also pursuant to the Preliminary Approval Order (ECF No. 98), the deadline to object to the Settlement was December 23, 2024. As detailed in the Alvey Declaration, there have been zero objections to the Settlement. Alvey Decl., ¶ 15-17.

43. My firm, Poulin Willey Anastopoulo, LLC, has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (See Firm Resume of Poulin Willey Anastopoulo, LLC, a true and accurate copy of which is attached hereto as Exhibit B). My firm has also been recognized by courts across the country for its expertise and skilled and effective representation. My firm has zealously represented the interests of the Class and committed substantial resources to the resolution of the class claims.

44. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

45. Apart from the Settlement Agreement itself, there are no additional agreements between the parties.

46. Haley Gustavson, the proposed Class Representative, has adequately and vigorously represented her fellow Class Members. She has spent significant time assisting her counsel, providing information regarding Defendant's policies and practices, providing pertinent documents, and assisting in settlement negotiations. Without her willingness to assume the risks and responsibilities of serving as class representative, I do not believe such a strong result could have been achieved.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed on January 9, 2025 in Charleston, South Carolina.

                                              /s/ Paul J. Doolittle
                                               Paul J. Doolittle